WESTERN MERCURY, INC., APPELLANT, v. THE RIX COMPANY, INC., RESPONDENT.

No. 5413

March 22, 1968                              438 P.2d 792

[Rehearing denied May 2, 1968]

*George G. Holden,* of Reno, for Appellant.

*Stewart & Horton,* of Reno, for Respondent.

## OPINION

By the Court, COLLINS, J.:

This is an appeal from summary judgment in favor of respondent. We affirm the judgment.

Respondent (plaintiff below) sued appellant (defendant below) for merchandise supplied in the amount of $9,606.14. Appellant answered, generally denying any indebtedness.

On October 4, 1966 respondent served interrogatories upon appellant. No answers to them were filed by appellant within 15 days as required in NRCP 33, nor did appellant seek additional time for answering as permitted by that rule.

On November 1, 1966, the previously served interrogatories not having been answered, respondent served a request for admissions encompassing many of the questions in the interrogatories. The record reveals appellant took none of the steps open to it in NRCP 36.

On November 25, 1966 respondent moved for summary judgment on the ground there was no issue as to any material fact and upon the authority that "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. NRCP 56(c)." This motion was served upon counsel for appellant by mail.

On December 2, 1966, appellant filed its answers to respondent's interrogatories, and served counter-interrogatories of its own. The latter were answered by respondent on December 22, 1966.

On December 30, 1966 the lower court entered summary judgment in favor of respondent in the sum of $9,606.14, accrued interest of $448.24, costs and an attorney's fee of $1,500. Notice of entry of that judgment was given appellant January 3, 1967 by mail.

While the minutes of the lower court are not a part of the record, it is apparent that court considered the motion for summary judgment in accordance with its local Rule 11.[1] The provisions of that rule permitted appellant to have a hearing on the motion if requested by its counsel. No such request appears in the record.

---

[1]Rules of Practice, Second Judicial District Court of the State of Nevada. Rule 11. "(a) All motions except as provided in Rule 13 shall be accompanied by points and authorities and any affidavits relied upon, together with a draft of the order proposed.

"(b) Responding party shall file and serve upon all parties, within 10 days after service of a motion, answering points and authorities and counter-affidavits, together with a draft of such form of order as to which he has no objection.

"(c) Moving party may serve and file reply points and authorities within five days after service of responding party's points and authorities.

"(d) Upon the expiration of the time for the filing of the reply points and authorities the calendar clerk shall assign the matter to a judge for decision. Decision shall be rendered without oral argument unless oral argument is requested by the court, in which event the calendar clerk shall set a date and time for hearing.

"(e) In all cases where the granting of a motion would dispose of the action on the merits, with prejudice, the party resisting the motion may request oral argument, and such request shall be granted unless the motion is denied. If no such request is made, oral argument shall be deemed to have been waived."

The court apparently chose to disregard the answer to the complaint and the answers to the interrogatories in granting summary judgment because it ruled there was no genuine issue of material fact to be resolved.

Appellant, upon being notified of the entry of judgment in favor of respondent, moved on January 13, 1967 to vacate the judgment and to quash the request for admissions; and on June 5, 1967 for a new trial, for reconsideration of its previous motion to vacate the summary judgment and for stay of execution. All these motions were denied.

In its post-judgment motions appellant urged the following grounds for relief from the judgment: (1) that the judgment was rendered ex parte without notice of hearing; (2) that there were genuine issues of fact; (3) that the request for admissions served no other purpose than to harass appellant and increase its expenses in the litigation; (4) the matter was at issue upon the pleadings; (5) that there was insufficient evidence to support the summary judgment; (6) that the court lacked jurisdiction to grant the judgment and appellant was deprived of its property without due process of law. By these post-judgment motions the lower court's attention was specifically called to the circumstance that appellant's answers to respondent's interrogatories were on file when the court undertook favorable consideration of respondent's request for summary judgment. The trial court obviously felt that circumstance was not sufficient alone to justify discretionary relief to appellant because its motions were denied. Conversely, the trial court must have relied upon NRCP 36(a) and deemed admitted all the information sought by respondent in its request for admissions, because, in view of the denials of appellant's answer, in no other way could the court have concluded there was no genuine issue of material fact, a mandatory legal finding necessary to sustain the summary judgment.

Accordingly, the main or principal issue before us becomes this: May a trial judge, where a party totally fails to respond to a request for admissions, deem the requests admitted so as to support summary judgment? Subordinate issues involve (1) a suggested or possible conflict between a locally adopted district court rule (Rule 11(b), Second Judicial District Court) and the Nevada Rules of Civil Procedure (NRCP 56(c)); and (2) whether the trial court abused its discretion in refusing to grant relief from the judgment upon the showing made by appellant.

NRCP 36 provides in pertinent part: "Each of the matters of which an admission is requested shall be deemed admitted

unless, within a period designated in the request, not less than 10 days after service thereof or within such shorter or *longer* time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, together with a notice of hearing the objections at the earliest practicable time. * * *" Appellant did none of these things. Its only indirect effort to deal with the request for admissions was to belatedly serve answers to respondent's interrogatories. The court was therefore permitted by the rule to deem each of the matters of which an admission was requested true.

In Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964), we held admissions of such type can be the basis for summary judgment. There a plaintiff in a personal injury action failed to answer defendant's request for admissions. We said:

"By virtue of the failure of Darlene Abbey to respond to the said request for admissions, the matters contained therein are deemed admitted. NRCP 36(a).

"It was incumbent upon the respondent court, therefore, to accept such admissions together with the affidavits of petitioners in support of the motion for summary judgment, and to disregard the unverified complaint." We now hold requested admissions deemed true by the court because not answered, can support summary judgment and the unverified answer can be disregarded. Nor is the court bound to consider answers to interrogatories tardily filed to offset the unanswered requested admissions. A trial judge has considerable discretion in granting or withholding relief from summary judgment under circumstances disclosed in this case. We are not prepared to say, on the showing made in this record, he violated his discretion.

The remaining subordinate issue involves the suggested conflict between a local district court rule and the general rules of procedure promulgated by this court. The district courts have

rule-making power,[2] but the rules they adopt must not be in conflict with the Nevada Rules of Civil Procedure. Does local Rule 11 of the Second Judicial District Court necessarily conflict with NRCP 56(c)? We think not. There is no question but that the responding party must be given notice of the filing of a motion for summary judgment under either rule. Under NRCP 56(c) the respondent to the motion might have only 10 days to prepare for the hearing, including preparation of his points and authorities. Under local Rule 11, the initial motion must be accompanied by points and authorities (a requirement not contained in NRCP). The respondent is thereafter given 10 days to file answering points and authorities. The movant then must serve reply points and authorities within five days. Under Rule 11, where the granting of the motion would dispose of the action on the merits with prejudice, as here, the party resisting the motion (appellant here), could demand oral argument. The record discloses appellant failed to file answering points and authorities or to seek oral argument on the motion. Its first attack upon respondent's effort to obtain summary judgment came, after it was granted, in a motion to vacate it. We see no conflict between the local rule and the general rule, especially where equal or greater opportunity exists to be notified of the motion and to oppose it.

The judgment is affirmed.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[2]NRCP 83. "Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court, but shall not become effective until sixty days after approval by the Supreme Court and publication. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules."