L. F. GINNOCHIO AND WILLIAM MONTGOMERY, APPELLANTS, *v.* COCKEYE LAND AND LIVESTOCK CO., INC., RESPONDENT.

No. 8688

June 15, 1977                    565 P.2d 328

*Gordon C. Shelley,* Reno, for Appellants.

*McDonald, Carano, Wilson, Bergin & Bible,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent sought and recovered the unpaid purchase price of hay sold to appellants. During pretrial discovery, respondent requested appellants to admit, pursuant to NRCP 36, that certain weight certificates represented amounts of respondent's hay sold to appellants. Without specifically addressing each

weight certificate as requested, appellants untimely responded they were unable to admit or deny the matter because the certificates were illegible. Not only was this answer evasive, it was untruthful in light of appellant Montgomery's testimony that he could in fact read some of the certificates. The trial court ruled the answer was insufficient and granted respondent's motion that the matter contained in the request for admissions be deemed admitted as true. Appellants contend this was error. We disagree.

Answers to requests for admissions which are untruthful and not set forth with specificity do not comply with the requirements of NRCP 36. Dodd v. Cowgill, 85 Nev. 705, 463 P.2d 482 (1969). When a party fails to provide an answer which comports with the rule, the trial court can properly consider the requested matter admitted as true. NRCP 36. *See* Western Mercury, Inc. v. The Rix Co., 84 Nev. 218, 438 P.2d 792 (1968). The record discloses respondent's request called for matters which appellants were obviously able to admit, deny, or explain. By refusing to answer the request as a whole, without some attempt to admit or deny in part, appellants failed to comply with NRCP 36. "[W]hen good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder." NRCP 36(a). Under such circumstances, the trial court properly ruled the matter admitted.

.Affirmed.