PAUL ALBERT WAGNER, Appellant, v. CAREX INVESTIGATIONS & SECURITY INC., a Nevada corporation; HERITAGE SQUARE ASSOCIATION, INC., a Nevada corporation; ALLAN C. KRIENKE; and ANTOINE PAVAO, Respondents.

No. 9056

December 21, 1977 572 P.2d 921

*Raymond E. Sutton, George Foley,*[1] Las Vegas, for Appellant.

*Cromer, Barker & Michaelson* and *James R. Olson;* and *Lorin D. Parraguirre,* Las Vegas, for Respondents.

---

[1]Mr. Foley's representation of appellant was limited to oral argument before this court.

## O P I N I O N

*Per Curiam:*

The appellant, Paul Albert Wagner, filed this action against the respondents-defendants to recover damages for a false arrest. The district judge granted summary judgment in favor of respondents, which was predicated on appellant's failure to

answer respondents' request for certain admissions, as provided under NRCP 36(a).[2] Appellant seeks reversal of the order below, and the principal issue presented is whether the district judge abused his discretion in granting the order in the instant case.

## 1. *The Facts.*

The case is focused on a false arrest complaint wherein appellant seeks damages resulting therefrom. The subject of the pleadings is narrowed to a series of interrogations and requests for admissions that respondents Pavao and Heritage Square Association, Inc. (hereafter Heritage) sent appellant on April 16, 1976. The request was not honored within the 30 days permitted by the Rule, and on May 28, 1976, Pavao and Heritage moved for summary judgment against appellant, on the ground that the admissions requested were deemed admitted. Respondents Carex Investigations & Security Inc. (hereafter Carex) and Allan C. Krienke filed on June 8, 1976, points and authorities in support of the motion.

Appellant's then attorney filed an affidavit in opposition to the motion for summary judgment, in which he admitted receiving the request for admissions on April 19, 1976, but declared that he did not discover until May 27 or 28 that the answers dictated to his secretary had not been served. Statements in response to the request for admissions were filed on June 4, 1976.

Neither appellant nor his counsel appeared at the hearing on June 10, 1976. Summary judgment was entered by the district court in favor of all four defendants on June 22, 1976.

Appellant contends that in the circumstances of this case the motion for summary judgment should not have been granted, because (a) a liberal construction of NRCP 36 should have been applied to allow his untimely response to avoid the admissions, and (b), even if the admissions requested by respondents are deemed made, the matters therein are contradicted by previously submitted answers to respondents' interrogatories. In addition, appellant challenges the granting of summary judgment in favor of respondents Krienke and Carex, on the ground that they had not filed a formal written motion for summary judgment 10 days prior to the hearing.

---

[2]NRCP 36(a), in pertinent part:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. . . .

## 2. *The Issues.*

### A. *The Late Response to the Request for Admissions.*

Appellant contends that the court below erred in granting summary judgment for respondents in light of the affidavit of counsel and the submission of a late response to the request for admissions prior to the hearing on respondents' motion. This contention is without merit.

The sanction for failure to serve timely answers or objections to requests for admissions is that all matters in the request are deemed admitted. NRCP 36(a), *supra,* f. 2. It is settled in this jurisdiction that such admissions may properly serve as the basis for summary judgment against the party who has failed to serve a timely response. Graham v. Carson-Tahoe Hosp., 91 Nev. 609, 540 P.2d 105 (1975). Relief is discretionary with the district court. Western Mercury, Inc. v. Rix Co., 84 Nev. 218, 222, 438 P.2d 792, 794 (1968).

Appellant has cited two federal cases which he contends support his position that the court below was required to accept his tardily filed responses. However, neither case supports this novel contention. In Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686 (2d Cir. 1966), the court upheld the lower court's refusal to grant summary judgment for plaintiff on the basis of defendant's late reply to requests for admissions, while specifically noting: "The District Court could have granted summary judgment on the claim, as the request to admit is comprehensive." 358 F.2d at 688. The action was upheld because: "Under compelling circumstances the District Court *may* allow untimely replies to avoid the admission." *Id.* (emphasis added). The district court in Jackson v. Kotzebue Oil Sales, 17 F.R.D. 204, 206 (D.C. Alas. 1955), also noted that it had the power to grant summary judgment, but chose to exercise its discretion to grant a request for a brief extension of time until the attorney had returned from service in the state legislature. These cases are simply illustrative of the general rule that district courts are allowed considerable discretion in determining whether to grant such relief.

Appellant has failed to show any abuse of discretion by the district court under the circumstances of the case at hand. The affidavit of appellant's attorney declared that responses to the request for admissions had been dictated, but were not transcribed by his secretary, and that he had not noticed the failure

to serve the responses until May 27 or 28, 1976, on or just before the date on which Respondents Heritage and Pavao filed their motion for summary judgment. In similar contexts, this court has upheld lower court rulings which rejected law office oversights as acceptable excuses. *See,* for example, Intermountain Lumber & Builders Supply, Inc. v. Glens Falls, 83 Nev. 126, 424 P.2d 884 (1967) (refusal to set aside default).

Since appellant has failed to show any abuse of discretion by the court below, the matters requested by respondents were properly deemed admitted by operation of NRCP 36.

B. *The Prior Responses to the Interrogatories.*

Appellant next contends that even if the matters in the request for admissions are deemed admitted, summary judgment was improperly granted because the admissions were contradicted by previously filed answers to interrogatories, resulting in genuine issues of material fact. This contention is also without merit.

The cases cited by appellant, Cameron v. Vancouver Plywood Corp., 266 F.2d 535 (9th Cir. 1959), and United States v. Perry, 431 F.2d 1020 (9th Cir. 1970), holding that summary judgment is inappropriate where conflicting inferences may be drawn from undisputed evidence, are inapplicable here. By his failure to serve a timely response, appellant admitted that "Plaintiff and his guests assaulted Defendant, Allan Krienke, without any justification prior to Plaintiff's arrest," and that "Defendant, Allan Krienke, had probable cause and was justified in arresting Plaintiff on September 9, 1972, for the incidents alleged in Plaintiff's Complaint." These admissions leave no room for conflicting inferences, and they are dispositive of the case. NRS 171.126,[3] *and see* Lerner Shops v. Marin, 83 Nev. 75, 423 P.2d 398 (1967).

According to NRCP 36(b): "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." This provision adopts the language of F.R.C.P. 36(b), approved by the United States Supreme Court on March 30, 1970. According to the federal Advisory Committee Notes, the rule was intended to clarify that "[i]n form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation

---

[3]NRS 171.126(1): "A private person may arrest another:

1. For a public offense committed or attempted in his presence."

drafted by counsel for use at trial, rather than to an evidentiary admission of a party," and therefore is not rebuttable by contradictory testimony of the admitting party. 4A Moore's Fed. Prac. ¶ 36.01[7], at 36–13 (1974).

Summary judgment was properly granted, predicated on the matters deemed admitted by appellant's failure to respond to the request within 30 days.

C. *The Motion for Summary Judgment.*

Appellant, relying on NRCP 7(b)(1)[4] and NRCP 56(c),[5] contends that, since Respondents Krienke and Carex did not file a formal written motion for summary judgment or serve such motion at least 10 days before the date set for hearing, the court below was precluded from granting summary judgment in their favor.

This court has ruled that, where no timely objection is offered, codefendants may join, by oral motion at hearing, in a written motion for summary judgment timely submitted by another codefendant. Exber, Inc. v. Sletten Constr. Co., 92 Nev. 721, 558 P.2d 517 (1976).

Appellant had adequate notice of the hearing by virtue of the timely motion served by Heritage and Pavao. Indeed, he submitted an affidavit in opposition to the motion which dealt with the response to admissions, the issue dispositive of the case against all four defendants. Rather than appear or request a continuance at the hearing, appellant chose to rely upon the affidavit. Nowhere does appellant suggest that he had any additional evidence to offer regarding his late response to the request for admissions.

In *Exber,* this court laid down the guidelines for upholding a summary judgment without a formal motion by codefendants:

> (1) Exber failed to timely object, (2) the court had before it a proper motion submitted by one of the codefendants and merely granted the motion as to all defendants, and (3) Exber was afforded an opportunity to present arguments on the merits of consolidated arbitration [the dispositive issue], which issue was resolved against Exber. . . .

--------

[4]NRCP 7(b)(1): "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be in writing. . . ."

[5]NRCP 56(c): "The motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing. . . ."

Exber, Inc. v. Sletten Constr. Co., 92 Nev. at 734, 558 P.2d at 525.

For the same three reasons, the granting of summary judgment in favor of Respondents Krienke and Carex must be upheld in this case.

We conclude, therefore, that summary judgment in favor of all four defendants was appropriately entered. The district court properly exercised its discretion in refusing to permit appellant to avoid the admissions deemed made by operation of NRCP 36(a). Such admissions were conclusive and dispositive of appellant's case against all the codefendants. Finally, the court did not err in granting summary judgment in favor of Respondents Krienke and Carex on the basis of the timely motion by their codefendants Heritage and Pavao. Affirmed.[6]

[6]The Governor designated Merlyn H. Hoyt, Judge of the Seventh Judicial District, to sit in place of Hon. Gordon Thompson, Justice, who was disabled. Nev. Const. art. 6, § 4.