*1063
 
 OPINION
 

 Per Curiam:
 

 FACTS
 

 The facts pertinent to this appeal are not in dispute. Misty Alexander (“Alexander”) died on June 10, 1990, when her car was swept away by waters rushing down a Las Vegas flood control channel. The automobile became caught against a bridge and Alexander drowned.
 

 Alexander’s mother, siblings, and half-sibling filed a wrongful death cause of action against various private entities and respondents Clark County, Clark County Flood Control District, Clark County School District, and the Clark County Aviation Authority (all respondents hereinafter referred to as “Clark County”). Appellant Elizabeth Alsenz (“Alsenz”), as administratrix of Alexander’s estate, joined in as a plaintiff in the wrongful death action.
 

 The district court dismissed the private entity defendants based upon Nevada’s statute of repose. The list of plaintiffs was trimmed when the district court dismissed Alexander’s surviving siblings and half-sibling because they were not heirs as defined by Nevada’s wrongful death act. In addition, Alexander’s mother died and her estate was not substituted as a plaintiff.
 

 After these events, the only remaining claim against Clark County was Alsenz’s wrongful death cause of action pursued on behalf of the estate. This claim was predicated on two statutory grounds. First, Alsenz sought recovery under Nevada’s wrongful death act, NRS 41.085. Second, Alsenz asserted that the wrongful death claim was really the decedent’s personal injury action, preserved for the estate by Nevada’s survival of actions statute, NRS 41.100.
 

 During the course of pretrial activity, Clark County filed a motion in limine to limit the estate’s damages evidence at trial. At this same time, Clark County orally moved for a dismissal because the estate had not incurred any recoverable damages under NRS 41.085. NRS 41.085(5) lists an estate’s recoverable damages as medical expenses, funeral expenses, and penalties that the decedent could have recovered had she survived. Clark County pointed out that penalties were unavailable against the government, the decedent died at the accident scene, thereby eliminating medical expenses, and the estate had stipulated that it
 
 *1064
 
 incurred no funeral expenses. Therefore, Alsenz’s wrongful death action was a statutory nullity under NRS 41.085. Simply, the estate had no recoverable damages.
 

 Clark County also claimed that Alsenz’s action was improperly grounded in Nevada’s survival of actions statute, NRS 41.100. It informed the court that the statute, by its express terms, did not apply to wrongful death causes of action maintained by the decedent’s representative.
 

 The district court agreed and issued findings of fact and conclusions of law dismissing Alsenz’s wrongful death claim on both statutory grounds. Alsenz appeals.
 

 DISCUSSION
 

 Nevada’s Wrongful Death Act, NRS 41.085.
 

 Wrongful death is a cause of action created by statute, having no roots in the common law. Wells, Inc. v. Shoemake, 64 Nev. 57, 66, 177 P.2d 451, 456 (1947). In Nevada, such causes of action are governed by NRS 41.085. Under this statute, both the decedent’s heirs and representatives can maintain a cause of action for wrongful death. In this respect, NRS 41.085 is bifurcated. The act also separately describes the types of damages available to the heirs and the estate respectively. In pertinent part, NRS 41.085 lists damages as follows:
 

 4. The heirs may prove their respective damages in the action brought pursuant to subsection 2 and the court or jury may award each person pecuniary damages for his grief or sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering or disfigurement of the decedent. The proceeds of any judgment for damages awarded under this subsection are not liable for any debt of the decedent.
 

 5. The damages recoverable by the personal representatives of a decedent on behalf of his estate include:
 

 (a) Any special damages, such as medical expenses, which the decedent incurred or sustained before his death; and funeral expenses; and
 

 (b) Any penalties that the decedent would have recovered if he had lived, but do not include damages for pain, suffering or disfigurement of the decedent. The proceeds of any judgment for damages awarded under this subsection are liable for the debts of the decedent unless exempted by law.
 

 On appeal, Alsenz claims that the damages described in subsection five are not exclusive of those recoverable by the estate. Specifically, she claims that NRS 41.085(5) contemplates recov
 
 *1065
 
 ery for the decedent’s lost economic opportunities and punitive damages.
 

 We disagree. This court has long held that statutes should be given their plain meaning. McKay v. Bd. of Supervisors, 102 Nev. 644, 648, 730 P.2d 438, 441 (1986). In addition, statutory interpretation should avoid absurd or unreasonable results.
 
 See
 
 Sheriff v. Smith, 91 Nev. 729, 733, 542 P.2d 440, 443 (1975); Presson v. Presson, 38 Nev. 203, 210, 147 P. 1081, 1083 (1915).
 

 The reasonable interpretation of NRS 41.085(4) and (5) concludes that the estate’s recovery cannot include lost economic opportunities of the decedent or punitive damages. Nothing in either subsection indicates otherwise. Moreover, subsection four states that the heirs have a right to recover for “loss of probable support.” This element of damages translates into, and is often measured by, the decedent’s lost economic opportunity. Surely the estate could not recover the same type of damage under subsection five. This would amount to double recovery, an unreasonable result.
 

 In addition, the legislative history pertinent to NRS 41.085 indicates that the list of damages in subsection five was not intended to be expansive. February 14, 1979 amendments to the wrongful death act show the words “without limitation,” appearing in the first sentence of subsection five, were stricken from the original draft and the colon was reinserted just after the word “include.” Amendments S.B. 99, Committee on Judiciary (February 14, 1979). Hence, enumeration of the estate’s recoverable damages experienced a critical change.
 

 Before the amendment, the sentence read as follows:
 

 The damages recoverable by the personal representatives of a decedent on behalf of his estate include
 
 without limitation:
 

 (Emphasis added.)
 

 In its present form, appearing in NRS 41.085(5), the estate’s recoverable damages are characterized by the amended sentence:
 

 The damages recoverable by the personal representatives of a decedent on behalf of his estate
 
 include:
 
 ....
 

 (Emphasis added.)
 

 In view of these changes, the legislature intentionally clamped down on a wide-open damages provision applicable to an estate.
 

 In this same wave of 1979 amendments, the legislature also struck “punitive and exemplary damages” from the list of an
 
 *1066
 
 estate’s recoverable items. Amendments S.B. 99, Committee on Judiciary (February 14, 1979). With this action, the legislature specifically rejected an estate’s ability to recover punitive damages under the wrongful death act.
 

 In the instant appeal, Alsenz’s wrongful death claim for the decedent’s lost future income and punitive damages could only succeed if such damages were available under NRS 41.085. Yet these types of damages are not listed in, or contemplated by, this statute. Therefore, we conclude that Alsenz’s wrongful death claim was properly dismissed under NRS 41.085 for lack of recoverable damages.
 

 Nevada’s Survival of Actions Statute, NRS 41.100.
 

 Alsenz also maintains that as the personal representative or administratrix of Alexander’s estate, she may maintain a wrongful death cause of action under Nevada’s survival of actions statute, NRS 41.100. Specifically, Alsenz claims that the wrongful death action is, in reality, the decedent’s personal injury claim preserved for the estate by statute.
 

 We again disagree. By its express terms, NRS 41.100 does not apply when the estate’s representative sues for wrongful death:
 

 41.100 Cause of action not lost by reason of death; damages; subrogation.
 

 3. Except as otherwise provided in this subsection, when a person who has a cause of action dies before judgment, the damages recoverable by his executor or administrator include all losses or damages which the decedent incurred or sustained before his death, including any penalties or punitive and exemplary damages which the decedent would have recovered if he had lived, and damages for pain, suffering or disfigurement and loss of probable support, companionship, society, comfort and consortium.
 
 This subsection does not apply to the cause of action of a decedent brought by his personal representative for his wrongful death.
 

 (Emphasis added.)
 

 We do not choose to tinker with the express language of the survival statute. Regardless of the cause of action’s legal name, it is undisputed that Alsenz filed the estate’s claim to recover for Alexander’s wrongful death. Thus, NRS 41.100 does not apply and the wrongful death cause of action is not preserved in the estate.
 

 Even assuming that this express exclusion did not exist, Alsenz’s claim would still fail. Under Nevada law, wrongful
 
 *1067
 
 death actions must proceed under Nevada’s wrongful death statute, NRS 41.085. NRS 41.085 provides that the decedent’s heirs are entitled to wrongful death type damages (e.g., “loss of probable support, companionship, society, comfort and consortium, and
 
 damages for pain, suffering or disfigurement of the decedent
 
 . . . .” (emphasis added)). Allowing the estate to recover these same damages outside NRS 41.085 would result in double recovery. Statutory interpretation does not allow for such an unreasonable proposition.
 
 Smith,
 
 91 Nev. at 733, 542 P.2d at 443;
 
 Presson,
 
 38 Nev. at 210, 147 P. at 1083.
 

 In view of the express language and reasonable interpretation of NRS 41.100, we conclude that the district court properly dismissed Alsenz’s corresponding wrongful death claim. Coupled with our similar conclusion regarding NRS 41.085, we accordingly affirm the district court’s decision dismissing Alsenz’s cause of action against Clark County.
 
 [1]
 

 [1]
 

 The Honorable Miriam Shearing, Justice, did not participate in the decision of this matter.