An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SUSAN FALLINI,
Appellant,
vs.
ESTATE OF MICHAEL DAVID ADAMS,
BY AND THROUGH HIS MOTHER
JUDITH ADAMS, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE,
Respondent.

No. 56840

FILED

MAR 29 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a final judgment in a wrongful death action. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Respondent Judith Adams brought suit against appellant Susan Fallini for the death of her son after he struck one of Fallini's cattle that was in the roadway.[1] Fallini, through her previous counsel, repeatedly failed to answer various requests for admission, resulting in a conclusive admission of negligence pursuant to NRCP 36. Namely, Fallini was deemed to have admitted that the accident did not occur on open range, which rendered her affirmative defense under NRS 568.360(1) inapplicable. These admissions lead to a partial summary judgment in Adams' favor on the issue of liability.

_____

[1]As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-09350

Approximately three years after Adams filed her complaint, Fallini retained new counsel and immediately filed a motion for reconsideration of prior orders, arguing that the accident had in fact occurred on open range. The district court denied Fallini's motion for reconsideration, vacated the jury trial, and proceeded to a prove-up hearing where it awarded damages to Adams in excess of $2.5 million.

Fallini appealed, challenging the district court's decision to (1) deny her motion for reconsideration; (2) vacate the jury trial; and (3) award over $2.5 million in damages. We conclude that Fallini's first two arguments are unpersuasive and affirm in part the district court's order. However, we reverse and remand in part the district court's award of damages.

The district court properly denied Fallini's motion for reconsideration

Fallini argues that the district court erred in denying her motion for reconsideration because the partial summary judgment was based on false factual premises regarding whether the accident occurred on open range. We disagree.

"A district court may reconsider a previously decided issue if substantially different evidence is subsequently introduced or the decision is clearly erroneous." Masonry and Tile v. Jolley, Urga & Wirth, 113 Nev. 737, 741, 941 P.2d 486, 489 (1997); see also Moore v. City of Las Vegas, 92 Nev. 402, 405, 551 P.2d 244, 246 (1976) ("Only in very rare instances in which new issues of fact or law are raised supporting a ruling contrary to the ruling already reached should a motion for rehearing be granted.")

In Nevada, a defendant has 30 days to respond to a plaintiff's request for admission. NRCP 36(a). Failure to do so may result in the requests being deemed "conclusively established." NRCP 36(b). It is well

settled that unanswered requests for admission may be properly relied upon as a basis for granting summary judgment, and that the district court is allowed considerable discretion in determining whether to do so. Wagner v. Carex Investigations & Sec., 93 Nev. 627, 631, 572 P.2d 921, 923 (1977) (concluding that summary judgment was properly based on admissions stemming from a party's unanswered request for admission under NRCP 36, even where such admissions were contradicted by previously filed answers to interrogatories); Smith v. Emery, 109 Nev. 737, 742, 856 P.2d 1386, 1390 (1993) (explaining that that "failure to respond to a request for admissions will result in those matters being deemed conclusively established . . . even if the established matters are ultimately untrue") (citation omitted).

Here, Fallini's argument is unpersuasive because she has not raised a new issue of fact or law. The question of whether the accident occurred on open range was expressly disputed in Fallini's answer, but she subsequently failed to challenge this issue through Adams' requests for admissions. Fallini has presented no evidence on appeal to alter the conclusive impact of admissions under NRCP 36 as a basis for partial summary judgment. Wagner, 93 Nev. at 631, 572 P.2d at 923. Moreover, the fact that these admissions may ultimately be untrue is irrelevant. Smith, 109 Nev. at 742, 856 P.2d at 1390. Finally, the district court had discretion to treat Fallini's failure to file an opposition to partial summary judgment as "an admission that the motion [was] meritorious and a consent to granting the motion." King v. Cartlidge, 121 Nev. 926, 927, 124 P.3d 1161, 1162 (2005) (citing D.C.R. 13(3)).

Thus, the district court did not err in refusing to reconsider its prior orders.[2]

## The district court did not err in vacating the jury trial

Fallini argues that the district court's decision to vacate the jury trial violated her rights under Article 1, Section 3 of the Nevada Constitution. We disagree.

Following entry of a default judgment, the district court may conduct hearings to determine the amount of damages "as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the State." NRCP 55(b)(2). "The failure of a party to serve a demand [for a jury trial] . . . constitutes a waiver by the party of trial by jury." NRCP 38(d). Generally, "'[w]hen the right to a jury trial is waived in the original case by failure to timely make the demand, . . . the right is not revived by the ordering of a new trial.'" Executive Mgmt. v. Ticor Title Ins. Co., 118 Nev. 46, 53, 38 P.3d 872, 876 (2002) (quoting 8 James Wm. Moore et al., Moore's Federal Practice § 38.52[7][c] (3d ed. 2001)).

Here, the parties initially determined in 2007 that a jury trial was not required for resolution of this case. Upon Fallini's default on the

---

[2]We also reject Fallini's attempt to distinguish herself from her prior counsel's inaptitude. "It is a general rule that the negligence of an attorney is imputable to his client, and that the latter cannot be relieved from a judgment taken against [her], in consequence of the neglect, carelessness, forgetfulness, or inattention of the former.'" Tahoe Village Realty v. DeSmet, 95 Nev. 131, 134, 590 P.2d 1158, 1161 (1979) (quoting Guardia v. Guardia, 48 Nev. 230, 233-34, 229 P. 386, 387 (1924)), abrogated on other grounds by Ace Truck v. Kahn, 103 Nev. 503, 507, 746 P.2d 132, 135 (1987), abrogated on other grounds by Bongiovi v. Sullivan, 122 Nev. 556, 583, 138 P.3d 433, 452 (2006).

 

partial summary judgment motion, Adams demanded a jury trial on the issue of damages. Following the district court's order to strike Fallini's pleadings, the district court vacated the jury trial and proceeded to determine damages by way of a prove-up hearing. Although both parties were present at the hearing, neither party objected to these proceedings. The record shows that Fallini did not object when the district court vacated the jury trial and proceeded with a prove-up hearing. She did not argue her right to a jury trial in her motion for reconsideration. Nor did she demand a jury trial prior to her argument on appeal.

Thus, we conclude that Fallini waived her right to a jury trial by failing to make a timely demand. The district court was within its authority to proceed with the prove-up hearing for a determination of damages. NRCP 55(b).

The district court erred in its award of damages

Fallini argues that the district court's damages award was excessive because there is no evidence that Adams suffered any economic loss from the death of her son.

The record indicates that Adams originally sought over $9 million in damages, including $2.5 million for grief, sorrow, and loss of support; $1,640,696 for lost career earnings; and $5 million for hedonic damages. Adams and her husband both testified that while they were not financially dependent on the decedent, they remained extremely close until the time of his death. Adams testified that her son often helped with physical tasks around the house and provided support while the couple coped with health problems. The record on appeal does not include any evidence regarding the decedent's salary, earning history, or future earning potential. Ultimately, the district court granted Adams damages in the reduced amount of $1 million for grief, sorrow, and loss of support

as well as $1,640,696 for lost career earnings.[3] The district court denied Adams' request for hedonic damages.

"[T]he district court is given wide discretion in calculating an award of damages, and this award will not be disturbed on appeal absent an abuse of discretion." Diamond Enters., Inc. v. Lau, 113 Nev. 1376, 1379, 951 P.2d 73, 74 (1997). An heir in a wrongful death action may broadly recover "pecuniary damages for the person's grief or sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering or disfigurement of the decedent." NRS 41.085(4); see also Moyer v. United States, 593 F. Supp. 145, 146-47 (D. Nev. 1984) (recognizing that regardless of whether a parent was dependent on the decedent child for support, the parent is entitled to recovery for the loss of probable support based on contributions (such as time and services) that "would naturally have flowed from . . . feelings of affection, gratitude and loyalty"). However, while "heirs have a right to recover for 'loss of probable support[,]' [t]his element of damages translates into, and is often measured by, the decedent's lost economic opportunity." Alsenz v. Clark Co. School Dist., 109 Nev. 1062, 1064-65, 864 P.2d 285, 286-87 (1993) (indicating that a duplicative award of damages already available under NRS 41.085(4) would be absurd).

We conclude that the district court acted within its discretion to award damages to Adams based on loss of probable support despite evidence that Adams was not financially dependent on her son. NRS 41.085(4). However, we conclude that the district court abused its

---

[3]The district court also awarded Adams $5,188.85 for funeral expenses and $85,000 in sanctions and attorney fees. This award is not challenged on appeal.

discretion by awarding separate damages for both loss of probable support and lost economic opportunity, as there is neither a legal basis nor evidentiary support for the award of $1,640,696 in lost career earnings.[4] Alsenz, 109 Nev. at 1065, 864 P.2d at 287. Accordingly we,

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Robert W. Lane, District Judge
Carolyn Worrell, Settlement Judge
Marvel & Kump, Ltd.
John Ohlson
Aldrich Law Firm, Ltd.
Nye County Clerk

---

[4]Adams argues that even if the district court erred in attributing her award to a particular category of damages, the total award should be upheld because she is entitled to hedonic damages. Because hedonic damages are often available in wrongful death cases only as an element of pain and suffering (which is included in the award under NRS 41.085(4)), we conclude this argument similarly fails. Banks v. Sunrise Hospital, 120 Nev. 822, 839, 102 P.3d 52, 63-64 (2004); Pitman v. Thorndike, 762 F. Supp. 870, 872 (D. Nev. 1991) (indicating that hedonic damages in Nevada are an element of the pain and suffering award).

