132 Nev., Advance Opinion 81

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ESTATE OF MICHAEL DAVID ADAMS, BY AND THROUGH HIS MOTHER JUDITH ADAMS, INDIVIDUALLY AND ON BEHALF OF THE ESTATE, Appellants, vs. SUSAN FALLINI, Respondent. | No. 68033 |

**FILED**

DEC 29 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

Appeal from a district court order dismissing a wrongful death action with prejudice. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

*Affirmed.*

Aldrich Law Firm, Ltd., and John P. Aldrich, Las Vegas,
for Appellants.

Fabian VanCott and David R. Hague, Las Vegas,
for Respondent.

---

BEFORE PARRAGUIRRE, C.J., HARDESTY and PICKERING, JJ.

*OPINION*

By the Court, PARRAGUIRRE, C.J.:

In this case, we consider whether a party may appeal a district court's order granting an NRCP 60(b) motion to set aside a final judgment for fraud upon the court. We hold that such an order is interlocutory in

nature and, thus, may not be appealed until there has been a final judgment. In addition, we consider whether the district court's consideration of the NRCP 60(b) motion was barred by various preclusive doctrines and whether plaintiff's counsel committed a fraud upon the court. We hold that the district court did not err in considering the motion, nor did it abuse its discretion in granting relief based on fraud upon the court given the unique circumstances presented here. Therefore, we affirm the district court's order dismissing the action.

## FACTS AND PROCEDURAL HISTORY

Michael Adams struck respondent Susan Fallini's cow while driving on a portion of highway designated as open range.[1] Adams died as a result, and Adams' estate (the Estate) sued Fallini for negligence. The Nevada Highway Patrol's accident report indicated that the accident had occurred on open range. Additionally, Adams' family appears to have created a memorial website for Adams prior to the lawsuit, which explained that Adams' accident occurred on open range and opined that open range laws are unjust.

Fallini's initial counsel filed an answer, arguing that Fallini could not be held liable under Nevada law because the accident occurred on open range. *See* NRS 568.360. However, Fallini's counsel subsequently failed to participate in the case.[2] The Estate's counsel submitted several discovery requests, including a request for Fallini to admit that her

---

[1]NRS 568.355 defines "open range" as "all unenclosed land outside of cities and towns upon which cattle, sheep or other domestic animals by custom, license, lease or permit are grazed or permitted to roam."

[2]We note that Fallini's initial counsel has since been disbarred.

property was not located on open range. Fallini's counsel did not respond to any of the discovery requests, and the Estate's counsel filed an unopposed motion for partial summary judgment as to Fallini's negligence, arguing that Fallini had effectively admitted, *inter alia*, that her property was not located within open range. The district court granted the motion.

Eventually, Fallini discovered that her counsel had failed to respond to opposing counsel's discovery requests and motions, and she promptly obtained new counsel and sought reconsideration of the district court's prior orders. The district court denied reconsideration and, after striking Fallini's answer, entered a default judgment for the Estate, which we affirmed in substance but remanded with respect to the district court's award of damages. *Fallini v. Estate of Adams*, Docket No. 56840 (Order Affirming in Part, Reversing in Part and Remanding, March 29, 2013). On remand, the district court entered a final judgment against Fallini for $1,294,041.85.

Subsequently, Fallini brought an NRCP 60(b) motion, arguing that the district court should set aside the judgment because the Estate's counsel committed a fraud upon the court when he sought and relied on the admission that the accident did not occur on open range. The district court granted the motion. Thereafter, Fallini filed a motion for entry of final judgment, arguing that NRS 568.360 (providing that an owner of animals has no duty to prevent the animals from entering a highway traversing open range and will not be subject to liability for injuries resulting from a motor vehicle collision with the animals on any such highway) established a complete defense to the Estate's claims. The

district court granted the motion and dismissed the action, and the Estate now appeals.

## DISCUSSION

On appeal, the Estate argues that (1) the mandate rule, the law-of-the-case doctrine, and the doctrine of issue preclusion prohibited the district court from considering NRCP 60(b) relief; and (2) the district court abused its discretion in finding fraud upon the court. Additionally, Fallini argues that, because the Estate did not appeal directly from the district court's order granting NRCP 60(b) relief, this court does not have jurisdiction to review that order in the present appeal from the final judgment.

*This court has jurisdiction to hear the appeal*

As a threshold matter, Fallini contends that this court does not have jurisdiction to hear this appeal because the district court's NRCP 60(b) order was an appealable order, and the Estate did not file a timely notice of appeal for that order. We disagree. The district court's order granting Fallini's NRCP 60(b) motion for fraud upon the court was interlocutory and not appealable. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2871 (3d ed. 2016) (stating that "[a]n order granting a motion under [federal] Rule 60(b) and ordering a new trial is purely interlocutory and not appealable"). Therefore, the NRCP 60(b) order merged into the final judgment. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001) (noting that "a party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment"); *see also Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (noting that this court may review an

interlocutory order in the context of an appeal from a final judgment).[3] As such, we conclude that this court has jurisdiction to consider challenges to the district court's NRCP 60(b) order in this appeal from the final judgment.

*The district court properly addressed the merits of Fallini's NRCP 60(b) motion*

The Estate contends that the district court's NRCP 60(b) order violated the mandate rule, the law-of-the-case doctrine, and the doctrine of issue preclusion, because this court had previously determined that the arguments underlying Fallini's NRCP 60(b) motion were without merit. We disagree.

We review questions of law de novo, *S. Cal. Edison v. First Judicial Dist. Court*, 127 Nev. 276, 280, 255 P.3d 231, 234 (2011), including the applicability of the mandate rule, the law-of-the-case doctrine, and the doctrine of issue preclusion, *Wheeler Springs Plaza, LLC v. Beemon*, 119 Nev. 260, 263, 71 P.3d 1258, 1260 (2003) (mandate rule); *State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 984, 103 P.3d 8, 16 (2004) (issue preclusion); *see* 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478 (2d ed. 2002) (noting that the mandate rule is nothing more than one of "many illustrations" of the law-of-the-case doctrine).

The mandate rule generally requires lower courts to effectuate a higher court's ruling on remand. *See United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007). "The law-of-the-case doctrine refers to a

---

[3]The district court was not asked to and did not grant a new trial; hence NRAP 3A(b)(2) does not affect our analysis.

family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as law of the case) by that court or a higher one in earlier phases." *Recontrust Co. v. Zhang*, 130 Nev., Adv. Op. 1, 317 P.3d 814, 818 (2014) (internal quotation marks omitted). However, both doctrines require that "the appellate court . . . actually address and decide the issue [raised] explicitly or by necessary implication." *Dictor v. Creative Mgmt. Servs., LLC*, 126 Nev. 41, 44, 223 P.3d 332, 334 (2010). Similarly, issue preclusion requires, *inter alia*, that "the issue decided in the prior litigation must be identical to the issue presented in the current action." *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008) (internal quotation marks omitted).

Neither Fallini's motion for reconsideration nor the district court's denial of that motion addressed fraud upon the court; therefore, we likewise did not consider or resolve any fraud issues. As this issue was not previously litigated or decided, the district court properly addressed the merits of Fallini's NRCP 60(b) motion.

*The district court did not abuse its discretion in granting Fallini's NRCP 60(b) motion*

The Estate argues that the district court erred in granting NRCP 60(b) relief because the conduct involved did not rise to the level of fraud upon the court. We disagree.

This court reviews a district court's decision to set aside a judgment based on fraud upon the court for an abuse of discretion. *NC-DSH, Inc. v. Garner*, 125 Nev. 647, 650, 218 P.3d 853, 856 (2009). "[W]hen a judgment is shown to have been procured by fraud upon the court, no worthwhile interest is served in protecting the judgment." *Id.* at 653, 218 P.3d at 858 (internal quotation marks omitted). We have defined

SUPREME COURT
OF
NEVADA

(O) 1947A

a "fraud upon the court" as "only that species of fraud which does, or attempts to, subvert the integrity of the court itself, *or is a fraud perpetrated by officers of the court* so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases . . . ." *Id.* at 654, 218 P.3d at 858 (emphasis added) (internal quotation marks omitted). "An attorney is an officer of the court"; as such, an attorney "owes a duty of loyalty to the court . . . , [which] demands integrity and honest dealing with the court." *Id.* at 654-55, 218 P.3d at 858-59 (internal quotation marks omitted). "And when [an attorney] departs from that standard in the conduct of a case[,] he perpetrates fraud upon the court." *Id.* at 655, 218 P.3d at 859 (internal quotation marks omitted). Even then, relief from a judgment based on fraud upon the court is rare and normally "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *see also Bonnell v. Lawrence*, 128 Nev. 394, 400, 282 P.3d 712, 715 (2012).

We hold the district court did not abuse its discretion in granting Fallini's NRCP 60(b) motion for fraud upon the court. First, the initial judgment in this case would likely not have been obtained but for Fallini's counsel's abandonment of his client and his professional obligations to his client. *See NC-DSH, Inc.*, 125 Nev. at 656, 218 P.3d at 860 (discussing *Passarelli v. J-Mar Dev., Inc.*, 102 Nev. 283, 720 P.2d 1221 (1986)). Standing alone, that might not warrant relief, as the lawyer is the client's agent and the acts and omissions of an agent ordinarily return to the principal who hired the faithless agent, not those who dealt with the agent in his representative capacity. *Id.* But here, the Estate's counsel seized on that abandonment as an opportunity to create a false record and

present that record to the district court as the basis for judgment. Together, these acts and omissions merited relief.

The district court did not abuse its discretion in finding that the Estate's counsel breached his duty of candor to the court. Although counsel may request that the opposing party admit certain facts that counsel already knows or should know the answer to, if the opposing party fails to respond, we hold that counsel may not rely on the deemed admission of a known false fact to achieve a favorable ruling.

It is well settled that unanswered requests for admission may be properly relied upon as a basis for granting summary judgment. *Wagner v. Carex Investigations & Sec. Inc.*, 93 Nev. 627, 630, 572 P.2d 921, 923 (1977) (concluding that summary judgment was properly based on admissions stemming from a party's unanswered request for admission under NRCP 36, even where such admissions were contradicted by previously filed answers to interrogatories); *Smith v. Emery*, 109 Nev. 737, 742, 856 P.2d 1386, 1390 (1993) (explaining that "failure to respond to a request for admissions will result in those matters being deemed conclusively established . . . even if the established matters are ultimately untrue" (internal citation omitted)). However, counsel violates his duty of candor to the court when counsel: (1) proffers a material fact that he knew or should have known to be false, *see generally Sierra Glass & Mirror v. Viking Indus., Inc.*, 107 Nev. 119, 125-26, 808 P.2d 512, 516 (1991) (providing that counsel committed fraud upon the court "in violation of SCR 172(1)(a) and (d)" when he proffered evidence and omitted pertinent portions of a document to "buttress" his client's argument, and that he "knew or should have known" that the omitted portion was harmful to his client's position); *cf. Seleme v. JP Morgan Chase Bank*, 982 N.E.2d 299,

310-11 (Ind. Ct. App. 2012) (providing that under FRCP 60(b)(3), a party alleging fraud or misrepresentation must demonstrate that "the opposing party knew or should have known from the available information that the representation made was false, and . . . the misrepresentation was made with respect to a material fact which would change the trial court's judgment" (internal quotation marks omitted)); and (2) relies upon the admitted false fact to achieve a favorable ruling, *see Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1078-79 (2d Cir. 1972) (holding that counsel pursuing case with known complete defense could be fraudulent, where defense was unknown to the court, or, apparently, unknown to the defending parties); *see also Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) ("Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. The rule is not to be used . . . in the hope that a party's adversary will simply concede essential elements. Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." (internal quotation marks and citations omitted)).

Here, (1) Fallini's answer from March 2007 plainly asserts an open range defense; (2) the accident report dated July 2005 states that the accident occurred on a stretch of highway with open range warning signs; and (3) a memorial website created no later than July 2006 by Michael Adams' family explained that Michael's accident occurred on open range, and expressed its belief that open range laws are unjust and should be changed. However, despite clear indication that the accident occurred on open range, the Estate's counsel propounded his request for admissions in 2007, sought partial summary judgment in 2008, and applied for default

judgment in 2010, all based on the false premise that the accident did not occur on open range. Thus, the district court did not abuse its discretion in finding that the Estate's counsel knew or should have known that the accident occurred on open range when he used the deemed admission to the contrary to secure a judgment for the Estate.

Lastly, counsel's fraudulent conduct prevented the district court from properly adjudicating the case at hand. The Estate does not dispute the fact that Nevada's open range statute provides Fallini a total defense to liability. *See* NRS 568.360. However, as a result of the Estate's improper use of a deemed admission, the district court entered a $1,294,041.85 judgment against Fallini.[4] We hold that the Estate's counsel's duty of candor required him to refrain from relying on opposing counsel's default admission that the accident did not occur on open range, when he knew or should have known that it was false, and that the district court did not abuse its discretion in finding the Estate's counsel committed a fraud upon the court when he failed to fulfill his duties as an officer of the court with candor.[5]

---

[4]The Estate argues that it did not deceive the district court because the district court took judicial notice of the fact that the accident had occurred on open range. However, after an examination of the record, the district court later clarified that it did not know that "open range" had a significant legal consequence, much less that it gave Fallini a total defense to liability. Thus, we reject this argument.

[5]The Estate also argues that the district court erred in granting Fallini's NRCP 60(b) motion because it considered hearsay evidence and unauthenticated documents. We hold that the Estate waived these evidentiary objections by failing to raise them during the proceedings below. *See Guy v. State*, 108 Nev. 770, 780, 839 P.2d 578, 584 (1992) (refusing to consider hearsay arguments on appeal that were not raised

*continued on next page . . .*

## CONCLUSION

We hold that an order granting an NRCP 60(b) motion to set aside a final judgment for fraud upon the court is interlocutory and not appealable. Therefore, the Estate properly challenges the district court's NRCP 60(b) order in this appeal from the final judgment. Furthermore, we hold that the district court properly considered the merits of Fallini's NRCP 60(b) motion and that it did not abuse its discretion in granting the motion. Accordingly, we affirm the district court's order granting NRCP 60(b) relief and dismissing the action.[6]

_____, C.J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Pickering

---

. . . *continued*

below); *accord Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal.").

[6]The Estate only raises errors relating to the district court's NRCP 60(b) decision and fails to make any separate arguments as to why the district court's final judgment should not stand.