# IN THE SUPREME COURT OF THE STATE OF NEVADA

MORRIS, SULLIVAN, LEMKUL &
PITEGOFF, LLP,
Appellant,
vs.
TAMMY HERBSTER, INDIVIDUALLY;
AND CLASSIC LANDSCAPES, LLC, A
NEVADA DOMESTIC LIMITED-
LIABILITY COMPANY,
Respondents.

No. 72723



FILED

JAN 02 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court dismissal of a tort action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

This appeal arises out of respondent Tammy Herbster's personal injury action against respondent Classic Landscapes, LLC. Appellant Morris, Sullivan, Lemkul & Pitegoff, LLP (Morris Sullivan) was Classic Landscapes' counsel in that action. Due to an administrative error on Morris Sullivan's part, Classic Landscapes failed to timely respond to Herbster's requests for admissions under NRCP 36(a). After Morris Sullivan withdrew as Classic Landscapes' counsel, Herbster moved for partial summary judgment on the basis that because Classic Landscapes failed to respond to her requests for admissions, those requests should be deemed admitted and no genuine issue of material fact remained. Classic Landscapes opposed this motion and filed a countermotion to withdraw its admissions under NRCP 36(b) based in part on Morris Sullivan's "clerical error." The district court denied Classic Landscapes' countermotion and

19-00063

granted partial summary judgment in Herbster's favor, deeming Herbster's requests for admissions admitted. Subsequently, Morris Sullivan moved to intervene, seeking reconsideration of the grant of partial summary judgment. Classic Landscapes then filed a motion to reconsider both the grant of partial summary judgment and denial of withdrawal of admissions pursuant to NRCP 36(b), which Morris Sullivan sought to join although the district court had not yet granted its motion to intervene. The district court denied Classic Landscapes' motion to reconsider in August 2016, and subsequently granted Morris Sullivan's motion to intervene in November 2016. Herbster and Classic Landscapes then settled and, over Morris Sullivan's objection, the district court granted Herbster's oral motion to dismiss the case.

Morris Sullivan frames this appeal as a challenge to the district court's dismissal of the action below. However, Morris Sullivan seeks to reverse, under the guise of a challenge to the dismissal, the district court's grant of partial summary judgment in Herbster's favor and denial of Classic Landscapes' motion to withdraw its admissions. Aside from contending that the order dismissing the action should be reversed if the orders granting partial summary judgment, denying withdrawal of admissions, and denying reconsideration are reversed, Morris Sullivan fails to provide any argument or persuasive authority regarding the threshold issue of whether the district court erred in granting Herbster's request to dismiss her complaint against Classic Landscapes following their settlement, which would thereby revive the action below.

To the extent that Morris Sullivan seeks to vacate the district court's discovery sanction order and partial summary judgment in a settled

 

and dismissed case,[1] any review this court may take of the interlocutory discovery order and partial summary judgment without vacating the dismissal order would have no effect on the ultimate outcome of the case below. Unlike the circumstances in *Valley Health System, LLC v. Estate of Doe*, Morris Sullivan fails to demonstrate a legal basis for this court to revisit interlocutory orders in a settled and dismissed case. 134 Nev., Adv. Op. 76, 427 P.3d 1021, 1026, n.1 (2018), *as corrected* (Oct. 1, 2018) (reaching the merits of appellant's challenge to an interlocutory order after the case settled where appellant reserved the right to appeal the order and continued to experience reputational and monetary sanctions from an order issued in the underlying action). Thus, any determination made by this court would merely be advisory in nature. *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) ("This court's duty is not to render advisory opinions but, rather, to resolve actual controversies by an enforceable judgment." (internal citations omitted)).

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

---

[1]*See Wagner v. Carex Investigations & Sec. Inc. v. Heritage Square Ass'n, Inc.*, 93 Nev. 627, 630, 572 P.2d 921, 923 (1977) ("The sanction for failure to serve timely answers or objections to requests for admissions is that all matters in the request are deemed admitted. It is settled in this jurisdiction that such admissions may properly serve as the basis for summary judgment . . . ." (internal citations omitted)).

cc: Hon. Susan Johnson, District Judge
Robert F. Saint-Aubin, Settlement Judge
McCormick, Barstow, Sheppard, Wayte & Carruth, LLP/Las Vegas
Law Office of Cory J. Hilton
Phillips, Spallas & Angstadt, LLC
Eighth District Court Clerk