DOUCET, Judge.
MOTION TO DISMISS
The plaintiffs-appellees, Joseph Eugene Fruge, Jr. and Tamara Shuff Fruge, move to dismiss the appeal of Simon Sonnier.
On November 20, 1986 a judgment was signed that found Mr. Sonnier liable unto the plaintiffs in the sum of fifteen thousand two hundred fifty ($15,250.00) and no/100 dollars with legal interest. The suit stemmed from a breach of contract action concerning the foundation of the plaintiffs residence that the defendant constructed.
The appellant, Mr. Sonnier, obtained an order for a devolutive appeal on January 26, 1987. The court reporter requested an extension as to the return date on March 26,1987, and such was granted, making the return date April 26, 1987. The return date was again extended on April 24, 1987 to May 26, 1987. These two extensions were granted by Judge Mouser, who had recused himself from the trial on the matter. The record reveals another extension granted to the court reporter on May 5, 1987 by Mr. Kenneth deBlanc, the Clerk of Court for the Court of Appeal. This extension also assigned May 26, 1987 as the return day.
In the meantime, the record reveals garnishment action taken by the plaintiffs on January 20, 1987. Subsequent to the garnishment action, the plaintiffs entered into an agreement with Mr. Sonnier entitled
“RECEIPT AND RELEASE”. This agreement, dated January 23, 1987, states that the plaintiffs acknowledge the receipt of twenty one thousand ($21,000.00) and no/100 dollars paid them by Mr. Sonnier in full settlement, satisfaction and accord of all claims concerned with Mr. Sonnier’s construction of the plaintiff’s home.
The plaintiffs filed the instant motion to dismiss on three grounds.
The mover first argues that certain irregularities appear in the record with respect to the extensions given the clerk of court to assemble the transcript and record, because Judge Mouser signed these orders, and he had recused himself from the trial on the matter. There is nothing in the record that refers to a recusal of Judge Mouser, however this issue need not be addressed by the Court.
The mover next argues that the above mentioned “RECEIPT AND RELEASE” was executed without any reservation of rights concerning this appeal, thus the appellant has voluntarily acquiesced in the judgment. LSA-C.C.P. Art. 2085 provides,
An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.
The jurisprudence is clear that a party who pays a judgment without reservation of the right to appeal is considered to have voluntarily acquiesced in the judgment paid. Stanford v. St. Paul Fire and Marine Ins. Co., 425 So.2d 400 (La.App. 3rd Cir.1983) and cases cited therein, writ denied 430 So.2d 83 (La.1983). Though the twenty one thousand ($21,000.00) and no/100 dollars is one thousand one hundred twelve ($1,112.50) and 50/100 dollars less than the amount of the judgment including interest as of January, 1987, when the receipt and release was negotiated, there can be no doubt that the amount paid was in *107 satisfaction of the judgment signed on November 20,1986. For the same reason, the mover’s third argument as to transaction and compromise, and the peremptory exception of res judicata contains merit. The document entered into is a written agreement between these two parties to put an end to this lawsuit and adjust their differences by mutual consent. Each of the parties gained and gave up something as the codal articles envision. LSA-C.C. Art. 3071 et seq., 6 Litvinoff, Louisiana Civil Law Treatise Sec. 372 et seq. (1969). As several cases hold that a transaction and compromise can be pled by an exception of res judicata, Bielkiewiez v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir.1967), Sailing Wiping Cloth Co. v. Sewell, Inc., 419 So.2d 112 (La.App. 2nd Cir.1982), and this peremptory exception may be pled in the appellate court and decided if the necessary evidence appears in the record, the exception is properly before the Court. See LSA-C.C.P. Art. 2163.
The mover’s motion to dismiss is thus granted as the appellant has acquiesced in the judgment, and has entered into a transaction and compromise concerning the judgment.
MOTION GRANTED AND APPEAL DISMISSED.