BYRNES, Judge.
This appeal arises out of a suit to collect damages, interest and attorney’s fees for failure to timely pay royalty interests pursuant to LSA-R.S. 31:212.21 et seq. The case was tried before a commissioner who found in favor of the plaintiffs and appellants herein. The commissioner’s findings were adopted by the District Court, as follows:
“This matter having been reviewed by the Court and the findings of the Commissioner as to law and fact are hereby accepted, and the Exception to the Commissioner’s report having been overruled. IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiffs, Edward L. Levert, Jr., Barbara Levert Kahle, Barbara McMillan Levert and Reichard M. Kahle, and against the defendant, Sun Exploration and Production, condeming the Defendant to pay Forty-two Hundred Fifty seven and 10/100 ($4,257.10) Dollars to Edward L. Levert, Jr., Twenty-eight Hundred Forty-Five and 36/100 ($2,845.36) Dollars to Mrs. Barbara McMillan Levert, Forty-two Hundred Fifty-six and 14/100 ($4,256.14) Dollars to Barbara Levert Kahle and One and 08/100 ($1.08) Dollars to Reichard M. Kahle, with legal interest from date of judicial demand, until paid and Twenty-five Hundred and no/100 ($2,500.00) Dollars attorney fees, and all cost.
JUDGEMENT READ, RENDERED AND SIGNED IN OPEN COURT THIS 21ST DAY OF OCTOBER, 1986.”
It is from this judgment that plaintiffs have appealed.
In reviewing the trial court record in the above-referenced matter we have discovered a document entitled Satisfaction of Judgment that is executed by representatives of the plaintiffs/appellants herein. This document specifically enunciates the amounts to be paid to plaintiffs pursuant to the October 21, 1986 judgment from which they have brought the instant appeal. The satisfaction specifically states, as follows:
“WHEREAS, on October 21, 1986, a judgment was entered by the plaintiffs, Edward L. Levert, Jr., Barbara Levert Kahle, Barbara McMillan Levert and Reichard M. Kahle, against the defendant, Sun Exploration and Production Company, in the above entitled action for the sum of $4,257.10 to Edward L. Le-vert, Jr., $2,845.36 to Barbara McMillan Levert, $4,256.14 to Barbara Levert Kahle and $1.08 to Reichard M. Kahle, and $2,500.00 in attorney fees, together with legal interest and costs.
Whereas, said judgment has been fully satisfied by the defendant. THEREFORE, satisfaction of the said judgment is hereby acknowledged and the Clerk of Court for the Parish of Orleans is hereby authorized and directed to cancel and discharge the same.” (Emphasis added)
Moreover, this document does not specifically reserve the plaintiff’s right to appeal.
It is well settled, that where the plaintiffs execute a valid release or satisfaction of judgment directing the Clerk of Court to cancel the judgment and without any specific reservation of rights to appeal, the parties thereto have acquiesced to the judgment and have no right to an appeal. La.C. C.P. Art. 2085; La.C.C. Art. 3385.1; Fruge v. Sonnier, 511 So.2d 105 (La.App. 3rd Cir.1987); Strickland v. Tesoro Drilling Co., 419 So.2d 1281 (La.App. 1st Cir.1982).
Further, where there is no right to ah appeal the appellate court is permitted to *1108 dismiss an appeal on its own motion. La.C. C.P. Art. 2162; Norbert v. Norbert, 419 So.2d 1247 (La.App. 3rd Cir.1982); Bernard v. Allstate Ins. Co., 396 So.2d 548 (La.App. 3rd. Cir.1981).
The appellants herein clearly failed to reserve their right to appeal when they executed the satisfaction of judgment. The record before us contains no other documents or other evidence tending to show that the plaintiffs intended to reserve their right to appeal. Additionally the satisfaction of judgment directed the Clerk of Court to cancel the judgment and failed to specifically reserve their right to an appeal. We conclude therefore, that it was plaintiffs’ intent to acquiesce in the judgment of the District Court. Therefore, the appellants have forfeited their right to an appeal herein.
Accordingly, upon motion of this court, this appeal is dismissed. Costs are to be borne by appellants.
APPEAL DISMISSED.
LOBRANO, J., concurs with reasons.