WHEELER SPRINGS PLAZA, LLC, APPELLANT, *v.* DENNIS BEEMON; DONALD MARKS; STEVE WILLIAMS; MIKE BOLEN; PHYLLIS MARKS; JAMES M. HUDSPETH; AND MARY ANNE HUDSPETH, RESPONDENTS.

No. 39094

July 2, 2003                                            71 P.3d 1258

---

*Goold, Patterson, Ales, Roadhouse & Day, Chartered,* and *Jeffrey D. Patterson,* Las Vegas, for Appellant.

*Dennis Beemon,* Las Vegas, in Proper Person.

*Mike Bolen,* Pahrump, in Proper Person.

*James M. Hudspeth,* Sparks, in Proper Person.

*Mary Anne Hudspeth,* Sparks, in Proper Person.

*Donald Marks,* Reno, in Proper Person.

*Phyllis Marks,* Reno, in Proper Person.

*Steve Williams,* in Proper Person.

Before AGOSTI, C. J., MAUPIN and GIBBONS, JJ.

## OPINION

By the Court, MAUPIN, J.:

This case presents an issue of first impression in Nevada: whether payment of a monetary judgment pending an appeal renders the appeal moot. We hold that payment of a judgment only constitutes a waiver of the judgment debtor's appellate rights when the payment is intended as a compromise or settlement of the matter.

### FACTS

Respondents Dennis Beemon, Donald Marks, Steve Williams, Mike Bolen, Phyllis Marks, James M. Hudspeth and Mary Anne Hudspeth (the Tenants), entered into commercial leases with appellant Wheeler Springs Plaza, LLC. The Tenants later filed a complaint against Wheeler Springs alleging breach of contract and misrepresentation. In response, Wheeler Springs filed counterclaims alleging, among other things, breaches of the various leases by the Tenants. A jury returned verdicts in favor of both parties on their respective claims. After offsetting the damage awards, the district court determined that the Tenants were the prevailing parties

and awarded them their individual damages, attorney fees, and costs pursuant to the lease agreements.

Wheeler Springs appealed the judgment and award of attorney fees and costs, primarily contending that substantial evidence did not support the jury verdicts. It did not seek a stay of the judgment pending appeal or post a supersedeas bond.

The Tenants garnished Wheeler Springs' accounts to enforce payment of the judgment while the appeal was pending. Rather than undergo further garnishments, Wheeler Springs tendered payment of the outstanding balance owed on the judgments. Thereafter, in an unpublished order, we reversed the judgment against Wheeler Springs, concluding that substantial evidence did not support the jury's verdict. We also reversed the award of attorney fees and costs. We then remanded the case to the district court to redetermine the amount of damages owed to Wheeler Springs.

On remand, the district court ordered the parties to submit briefs on the issue of damages to be awarded. Wheeler Springs submitted a brief calculating its damages, including interest and its own attorney fees. In response, the Tenants filed a motion to dismiss the remanded cases for lack of jurisdiction, arguing that Wheeler Springs' payment of the judgment rendered the proceedings moot. Wheeler Springs then filed a countermotion for restitution of the monies Wheeler Springs paid to the Tenants pending the original appeal.

The district court entered a series of orders on these applications. On one hand, the district court determined Wheeler Springs' contract damages, vacated the Tenants' award of attorney fees and costs, and denied the Tenants' motion to dismiss for mootness, which as noted above, was based upon the payment of the judgment by Wheeler Springs while the original appeal was pending. On the other hand, the district court denied Wheeler Springs' claims for interest, costs, attorney fees, and restitution on the grounds that such relief was beyond the scope of the remand order, *i.e.,* that the relief was not mandated under the law of the case generated by the first appeal.

Wheeler Springs appeals from the post-remand order denying its claims for interest, attorney fees, costs, and restitution.

## DISCUSSION

To resolve this case, we must determine whether the district court complied with our mandate on remand, a question of law that this court reviews de novo.[1] When a reviewing court determines the

---

[1] *See SIIS v. United Exposition Services Co.,* 109 Nev. 28, 30, 846 P.2d 294, 295 (1993).

issues on appeal and reverses the judgment specifically directing the lower court with respect to particular issues, the trial court has no discretion to interpret the reviewing court's order; rather, it is bound to specifically carry out the reviewing court's instructions.[2]

### Satisfaction of the original judgment

We must first resolve whether Wheeler Springs' payment of the judgment constituted acquiescence in it, thus rendering the proceedings in this case moot.[3]

We have held that a party who accepts the benefits of a judgment waives the right to appeal, "because a party may not follow two legally inconsistent courses of action."[4] However, we have yet to decide whether payment of a judgment automatically renders an appeal moot.

Some jurisdictions hold that a judgment debtor does not waive the right to appeal or render the controversy moot by payment or satisfaction of the judgment under coercion, unless the judgment creditor demonstrates that the payment or satisfaction was intended to compromise or settle the matter.[5] In line with this view, the Supreme Court of Colorado notes the inherent unfairness in im-

---

[2]See In re Dargie's Estate, 119 P.2d 438, 441 (Cal. Ct. App. 1941).

[3]Wheeler Springs contends that the Tenants waived this issue because it was not raised during the pendency of the first appeal. However, the issue of mootness goes to the controversy's justiciability and must be considered at all stages of the litigation. See, e.g., Vieux Carre Property Owners v. Brown, 948 F.2d 1436, 1442-43 (5th Cir. 1991) (concluding that district court has duty to consider mootness issue on remand); Commodity Futures Trading Com'n v. Board of Trade, 701 F.2d 653, 658 (7th Cir. 1983) (pointing out that appellate court had duty to vacate district court's findings in action that had become moot during previous appeal and noting that appellate court would not vacate its prior decision because it had decided consolidated appeals and only one was moot); see also Litman v. Massachusetts Mut. Life Ins. Co., 825 F.2d 1506, 1510 (11th Cir. 1987) (noting that an exception to the law of the case doctrine occurs when "the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice").

[4]Ford v. Ford, 105 Nev. 672, 676 n.1, 782 P.2d 1304, 1307 n.1 (1989); see also County of Clark v. Roosevelt Title Ins., 80 Nev. 303, 306, 393 P.2d 136, 137 (1964); Basic Refractories v. Bright, 71 Nev. 248, 253, 286 P.2d 747, 749 (1955).

[5]See Webb v. Crane Co., 80 P.2d 698, 708 (Ariz. 1938); Reitano v. Yankwich, 237 P.2d 6, 7 (Cal. 1951); Reserve Life Ins. Co., Dallas, Tex. v. Frankfather, 225 P.2d 1035, 1039 (Colo. 1950); Younger v. Mitchell, 777 P.2d 789, 791 (Kan. 1989); Fruge v. Sonnier, 511 So. 2d 105, 106-07 (La. Ct. App. 1987); Grand River Dam Authority v. Eaton, 803 P.2d 705, 709 (Okla. 1990); State v. Winthrop, 269 P. 793, 796 (Wash. 1928). We note that the Texas rule was previously inapposite, but the Supreme Court of Texas recently changed its rule to be consistent with several jurisdictions addressing the mootness issue. Compare Highland Church of Christ v. Powell, 640 S.W.2d

posing a waiver of appeal upon a party who has paid a judgment to avoid a distress sale upon execution by the judgment creditor.[6] Accordingly, jurisdictions not precluding appeal after coercive satisfaction of a judgment have stated that a judgment debtor's payment without attempting to stay execution pending appeal or to post a supersedeas bond does not amount to voluntary satisfaction of a judgment or render the controversy moot.[7] Indeed, as the Supreme Court of Kansas has noted, the filing of a supersedeas bond or seeking a stay of execution pending appeal is permissive.[8]

We agree with the jurisdictions that do not preclude the right to appeal after coercive satisfaction of a judgment. Courts are divided regarding what constitutes payment under coercion; some hold that there must be actual threatened execution of the judgment,[9] while others hold that the payment of a judgment, even before actual threat of execution thereon, is sufficient.[10] Although we recognize that Wheeler Springs did not satisfy the judgment until a garnishment actually coerced payment, we are of the view that actual or potential threat of garnishment or execution is sufficient coercion to avoid a mootness challenge based upon payment of the judgment. Thus, we hold that payment of a judgment only waives the right to appeal or renders the matter moot when the payment is intended to compromise or settle the matter. Accordingly, the failure to file a supersedeas bond or seek a stay of execution of a judgment does not amount to acquiescence in the judgment.

---

235, 236-37 (Tex. 1982) (stating that the well-settled rule of law is that an appeal becomes moot when the judgment debtor voluntarily pays and satisfies the judgment, but noting an exception when payment was made under duress—"it would have been very embarrassing for this religious institution to have execution issued against it"), *with Miga v. Jensen,* 96 S.W.3d 207, 212 (Tex. 2002) (holding that "payment on a judgment will not moot an appeal of that judgment if the judgment debtor clearly expresses an intent that he intends to exercise his right of appeal and appellate relief is not futile").

[6]*Frankfather,* 225 P.2d at 1039.

[7]*See Wales v. Greene,* 270 P.2d 534, 538 (Cal. Ct. App. 1954); *Grand River Dam Authority,* 803 P.2d at 709.

[8]*Younger,* 777 P.2d at 792. NRCP 62(d) is also permissive: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is filed." *Cf. V-1 Oil Co. v. People,* 799 P.2d 1199, 1203 (Wyo. 1990) ("The essence of posting a supersedeas bond by an appellant following judgment entry is to avoid a mootness challenge that might otherwise arise if the judgment is paid before appeal is taken . . . .").

[9]*See Younger,* 777 P.2d at 791.

[10]*See Reitano,* 237 P.2d at 7; *Frankfather,* 225 P.2d at 1040; *Webb,* 80 P.2d at 707-08; *Winthrop,* 269 P. at 796.

Here, after Wheeler Springs timely filed its appeal, the Tenants garnished Wheeler Springs' accounts to enforce payment of the judgment. To stop the garnishments, which could adversely affect its ability to secure credit, Wheeler Springs paid the outstanding balance owed on the judgment. Thus, Wheeler Springs' payment of ·the judgment was not intended to compromise or settle the matter; rather, the record indicates that the Tenants' garnishment of Wheeler Springs' accounts coerced payment.

In light of our holding above, we conclude that Wheeler Springs did not waive its rights to prosecute the original appeal when it paid the judgment. Accordingly, the issues on· remand and in this appeal are not moot.

*Compliance with our prior order of remand*

Under the law-of-the-case doctrine, when an appellate court decides a rule of law, that decision governs the same issues in subsequent proceedings.[11] The doctrine only applies to issues previously determined, not to matters left open by the appellate court.[12]

On remand, the district court redetermined and awarded Wheeler Springs damages, but refused to award Wheeler Springs interest, costs, and attorney fees, on the basis that this relief was not mandated under the law of the case of the first appeal. In our remand order, however, we specifically instructed the district court to award Wheeler Springs "rent and other charges due to Wheeler Springs under the various lease agreements" with the Tenants. Each of the respective lease agreements expressly provided for interest, costs, and attorney fees.[13] Thus, because the law of the case on the original appeal mandates these awards, we conclude that the district court erred in its failure to provide Wheeler Springs this relief.

---

[11]*Bd. of Gallery of History v. Datecs Corp.,* 116 Nev. 286, 289, 994 P.2d 1149, 1150 (2000).

[12]*Quern v. Jordan,* 440 U.S. 332, 347 n.18 (1979).

[13]Section 3.5 of the lease agreements provided that "any such unpaid [rent] shall bear interest from the thirtieth (30th) day after the due date thereof to the date of payment at the rate of eighteen percent (18%) per annum." Section 26.3 of the lease agreements provided: "In any action brought by Landlord or Tenant to enforce any of its rights under or arising from this Lease, the prevailing party shall be entitled to receive its costs and legal expenses, including reasonable attorneys' fees, whether such action is prosecuted to judgment or not."

In light of our original order of reversal and remand, Wheeler Springs also requested restitution for the monies it paid—the judgment, costs, and attorney fees—to the Tenants. As noted, the district court refused to award restitution, concluding that such a request was also beyond our order of reversal and remand.

We have stated: " 'Upon the reversal of the judgment against him, the appellant is entitled to the restitution from the respondent of all the advantages acquired by the latter by virtue of the erroneous judgment.' "[14] The *Restatement of Restitution* § 74 (1937), extends this principle:

> A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final . . . .

"To permit one who has collected money upon a judgment later reversed to retain the same would in most cases result in unjust enrichment."[15]

Although we have recognized the principle of restitution when a judgment is reversed, we have yet to decide whether the district court has the inherent authority to grant an order of restitution when we have not expressly ordered it. However, other jurisdictions addressing the issue have held that the trial court has inherent authority to order restitution when a judgment has been reversed, even though the appellate court did not expressly order such relief.[16] The California Court of Appeal has stated that a motion for restitution upon a reversed judgment is within the sound discretion of the court and such a motion may be denied in exceptional cases.[17]

Here, the district court erroneously concluded that it was without discretion under the law of the previous appeal to award resti-

---

[14]*Jaksich v. Guisti*, 36 Nev. 104, 112, 134 P. 452, 455 (1913) (quoting A.C. Freeman, *Law of Judgments* § 482 (2d ed.)).

[15]*Rogers v. Bill & Vince's, Inc.*, 33 Cal. Rptr. 129, 131 (Ct. App. 1963).

[16]*See Moore & Son, Inc. v. Drewry & Associates, Inc.*, 945 F. Supp. 117, 121 (E.D. Va. 1996); *Fitch v. Kentucky-Tennessee Light & Power Co.*, 215 S.W.2d 91, 92 (Ky. Ct. App. 1948); *Fender v. Hendley*, 26 S.E.2d 887, 889 (Ga. 1943); *Bank of America Nat. Trust & Sav. Ass'n v. McLaughlin*, 99 P.2d 548, 550 (Cal. Ct. App. 1940).

[17]*Rogers*, 33 Cal. Rptr. at 131.

tution of the monies paid pursuant to the original judgment. Because we embrace a new rule concerning the satisfaction of money judgments pending appeal, and given the scope of the original remand, we conclude that Wheeler Springs was entitled to restitution upon reversal of the judgment against it. Wheeler Springs' failure to obtain a supersedeas bond or stay of execution does not affect its entitlement to this equitable relief.[18]

The Tenants argue that they would suffer prejudice if they were required to pay restitution because of the substantial amount of time that has elapsed. But, "it is said that the respondent who collected upon the judgment immediately becomes a trustee for his opponent with respect thereto."[19] Wheeler Springs' appeal was pending when the Tenants received payments on the judgment; therefore, we conclude that the Tenants' prejudice argument is without merit, as they were on notice that the judgment might be reversed.

In addition to restitution for the paid judgment, we conclude that Wheeler Springs is entitled to restitution for the attorney fees it paid to the Tenants. We note, however, that the Tenants are responsible for restitution of the attorney fees, and not the Tenants' attorney as Wheeler Springs contends.

The general rule in Nevada is that attorney fees are not recoverable "unless authorized by agreement or by statute or rule."[20] The statutes that permit an allowance of attorney fees specifically state that such an award is recoverable by the prevailing party; thus, the client, not the attorney, is awarded the attorney fees.[21] Also, the lease agreements provide that either the landlord or the Tenant, whichever is the prevailing party, shall be entitled to an award of reasonable attorney fees. Whatever arrangement exists between the Tenants and their attorneys does not affect the Tenants' obligation to pay an attorney fee award under the lease or repay restitution of such an award reversed in the prior appeal.

## CONCLUSION

We hold that payment of a judgment only constitutes a waiver of the judgment debtor's appellate rights when the payment is in-

[18]*See Moore & Son, Inc.,* 945 F. Supp. at 121 (noting that a court has the authority to order restitution when a judgment is reversed notwithstanding the failure to obtain a supersedeas bond or stay of execution).

[19]*Rogers,* 33 Cal. Rptr. at 131.

[20]*Young v. Nevada Title Co.,* 103 Nev. 436, 442, 744 P.2d 902, 905 (1987).

[21]*See, e.g.,* NRS 18.010 (providing that the prevailing party is entitled to attorney fees in certain circumstances).

tended as a compromise or settlement of the matter; that the district court failed to comply with our unpublished order of reversal and remand when it refused to award interest, attorney fees, and costs to Wheeler Springs; and that the district court erred in refusing to award Wheeler Springs restitution of the monies it paid in satisfaction of the original judgment.

Accordingly, we reverse the district court's post-remand order and further remand this case to the district court with instructions to award Wheeler Springs interest, attorney fees, costs, and restitution. We also affirm the district court's order regarding Wheeler Springs' award of damages on the original remand.

AGOSTI, C. J., and GIBBONS, J., concur.