# IN THE SUPREME COURT OF THE STATE OF NEVADA

NOE ORTEGA PEREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67736

FILED

JUN 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant asserts that both his counsel at trial and on appeal were ineffective. To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432, 683 P.2d 504, 505 (1984). We defer to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the district court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant first contends that he was cumulatively prejudiced by his trial counsel's failure to be prepared and investigate the case,

failure to properly supervise an unlicensed attorney, and failure to stipulate to the foundation for a jail phone call. Because appellant did not include specific factual allegations that demonstrate that better preparation or investigation would have favorably changed the outcome of the trial, the district court properly concluded that appellant failed to establish ineffective assistance of trial counsel in this regard. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 553, 538 (2004) (explaining that a defendant who claims counsel failed to adequately investigate the case must demonstrate how a better investigation would have rendered a more favorable outcome probable). Additionally, appellant failed to include specific factual allegations that demonstrated that without the unlicensed attorney's participation in the trial, he would have received a more favorable outcome. Thus, he failed to establish that the unlicensed attorney's participation was deficient assistance of counsel by either the unlicensed attorney or his trial counsel. *Lyons*, 100 Nev. at 432, 683 P.2d at 505. Lastly, counsel's decision not to stipulate to the foundation for a jail phone call did not establish deficient representation as the decision was merely a trial strategy and appellant was given the opportunity to contest that trial strategy, but chose not to do so. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (providing that a strategy decision "is a tactical decision that is virtually unchallengeable absent extraordinary circumstances" (internal quotations omitted)). As appellant failed to establish a deficiency in his trial counsel's representation, he could not be cumulatively prejudiced.

Second, appellant contends that his appellate counsel was ineffective by failing to argue on direct appeal that an expert's testimony

failed to assist the jury in understanding the evidence or determining an issue and that appellant was prejudiced by the testimony. Because this court nonetheless addressed these subjective issues and specifically concluded that the expert's testimony assisted the jury and did not prejudice appellant,[1] *Perez v. State*, 129 Nev., 850, 859-60, 313 P.3d 862, 868-69 (2013), there was no reasonable probability of a different outcome on appeal had counsel made these arguments. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113 (1996) ("To establish prejudice based on the deficient assistance of appellate counsel, the defendant must show that the omitted issue would have a reasonable probability of success on appeal."). The district court therefore properly rejected this claim.[2]

Lastly, appellant argues that his appellate counsel should have asserted that the State acted in bad faith in providing an inadequate notice of the expert's testimony. Appellant has not demonstrated prejudice, however, because this court concluded in *Perez*, 129 Nev., at 862-63, 313 P.3d at 870, that the expert witness notice was sufficient, and thus, any argument concerning the State's bad faith in providing an insufficient notice would not have altered the outcome. Further, appellate counsel challenged the adequacy of the expert witness notice and appellant has not pointed to anything that demonstrates the State's bad

---

[1]In the direct appeal, this court asked for amicus briefing regarding these issues.

[2]Appellant also argues that the district court improperly applied the law-of-the-case doctrine. Because the district court alternatively denied this claim on the merits, we need not consider whether the court properly applied the law-of-the-case doctrine.

faith or that he was prejudiced by the expert notice.[3]  Thus, the district court did not err in rejecting appellant's claim of ineffective assistance of appellate counsel.  Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

DOUGLAS, J., with whom CHERRY, C.J., and PICKERING, J., agree, dissenting:

I respectfully dissent because the district court should have held an evidentiary hearing before denying appellant's postconviction petition for a writ of habeas corpus.

---

[3]The dissent concludes that appellate counsel's failure to allege that the State acted in bad faith in providing its expert witness notice warranted an evidentiary hearing because appellant was surprised by the expert's testimony and did not know that the expert would be presented with hypotheticals involving facts similar to the underlying facts here. During a pretrial hearing, however, the State specifically informed appellant that the expert would testify regarding grooming techniques and then be asked to apply his knowledge of those techniques to the facts of this case.

[4]We reject appellant's argument that the district court's findings of fact and conclusions of law are inadequate.

The district court clearly erred when it concluded that appellant's ineffective-assistance-of-counsel claims were barred under the law-of-the-case doctrine because the issues had already been decided on appeal. In the direct appeal, this court did not address, nor could it have addressed, whether appellate counsel was effective. *See Wheeler Springs Plaza, LLC v. Beemon*, 119 Nev. 260, 266, 71 P.3d 1258, 1262 (2003) (explaining that the law-of-the-case "doctrine only applies to issues previously determined, not to matters left open by the appellate court"). The district court's erroneous application of the law-of-the-case doctrine as grounds for denying the ineffective-assistance-of-appellate-counsel claims appears to have impacted the court's decision to deny the claims without a hearing.

An evidentiary hearing on a postconviction petition for a writ of habeas corpus is necessary when the claims are supported by specific factual allegations, the factual allegations are not belied by the record, and the factual allegations, if true, would entitle the petitioner to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). The majority concludes that appellant's claims of ineffective assistance of appellate counsel were properly rejected because the issues concerning the expert witness notice and the expert witness testimony on grooming activities were considered by this court and rejected on appeal, and thus appellant could not show a reasonable probability of a different outcome had his counsel adequately addressed them. The majority decision in the direct appeal, however, only included four justices and relied on amicus briefing because appellant's counsel's briefing regarding these issues was minimal.

The sufficiency of the expert witness notice was an incredibly close issue in the direct appeal. The dissent on direct appeal concluded that the State failed to provide an adequate expert witness notice because the notice was too brief, only identified the subject matter of the testimony in broad terms, and did not sufficiently address the substance of the expert's testimony. *See* NRS 174.234(2)(a) (requiring an expert witness disclosure to, at a minimum, give "[a] brief statement regarding the subject matter on which the expert witness is expected to testify and the substance of the testimony"). Further, appellant's counsel failed to allege that the State had acted in bad faith in providing an inadequate notice when the expert's testimony about the specific conduct at issue appeared to have ambushed appellant as he had no knowledge of what materials the expert had reviewed or that the expert would be presented with hypotheticals identical to the facts of this case.

The issue of whether the expert's testimony on grooming activity assisted the jury was similarly close. The dissent in the direct appeal concluded that because the victim explained how appellant's conduct allayed her resistance to his abuse, the expert's testimony was unnecessary, confused the jury, and only served to imply that the expert found the testimony of the victim to be credible. *See People v. Williams*, 987 N.E.2d 260, 263 (N.Y. 2013) (explaining that tailoring hypothetical questions to include facts of the underlying case goes beyond explaining the victim's behavior and has "the prejudicial effect of implying that the expert found the testimony of [the victim] to be credible"). Therefore, there was a serious question as to whether the limited probative value of the expert's testimony, NRS 48.015, was substantially outweighed by the

danger of unfair prejudice, NRS 48.035(1), that was not adequately addressed by appellant's counsel in the direct appeal.

If appellate counsel had more fully and thoroughly briefed these issues, the decision on the direct appeal may have been different. Thus, an evidentiary hearing was necessary to determine whether a reasonably competent attorney would have more fully and thoroughly briefed the issues related to the expert witness notice or the admissibility of the expert's testimony. *See Means v. State*, 120 Nev. 1001, 1011, 103 P.3d 25, 32 (2004) (providing that a counsel's performance is deficient when the representation fell below an objective standard of reasonableness). Because appellant presented claims of ineffective assistance of appellate counsel that if true, would entitle him to relief, an evidentiary hearing was warranted. *Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225.

I would reverse and remand this matter so the district court can hold the necessary evidentiary hearing.

_____, J.
Douglas

We concur:

_____, C.J.
Cherry

_____, J.
Pickering

Supreme Court
OF
Nevada

(O) 1947A

cc: Hon. Michelle Leavitt, District Judge
Matthew D. Carling
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A