133 Nev., Advance Opinion 71

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA STATE
ENGINEER; THE STATE OF NEVADA
DEPARTMENT OF CONSERVATION
AND NATURAL RESOURCES,
DIVISION OF WATER RESOURCES;
AND KOBEH VALLEY RANCH, LLC,
Appellants,
vs.
EUREKA COUNTY, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA; KENNETH F. BENSON, AN
INDIVIDUAL; DIAMOND CATTLE
COMPANY, LLC, A NEVADA LIMITED
LIABILITY COMPANY; AND MICHEL
AND MARGARET ANN ETCHEVERRY
FAMILY, LP, A NEVADA REGISTERED
FOREIGN LIMITED PARTNERSHIP,
Respondents.

No. 70157

**FILED**

SEP 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting a petition for judicial review in a water law matter. Seventh Judicial District Court, Eureka County; Gary Fairman, Judge.

*Affirmed.*

Adam Paul Laxalt, Attorney General, and Micheline N. Fairbank, Senior Deputy Attorney General, Carson City, for Appellants State of Nevada State Engineer and the State of Nevada Department of Conservation and Natural Resources, Division of Water Resources.

Taggart & Taggart, Ltd., and Paul G. Taggart and David H. Rigdon, Carson City; Parsons Behle & Latimer and Ross E. de Lipkau and Gregory H. Morrison, Reno, and Francis M. Wikstrom, Salt Lake City, Utah, for Appellant Kobeh Valley Ranch, LLC.

SUPREME COURT
OF
NEVADA

(O) 1947A

17-32855

Allison MacKenzie, Ltd., and Karen A. Peterson, Dawn Ellerbrock, and Kyle A. Winter, Carson City; Theodore Beutel, District Attorney, Eureka County, for Respondent Eureka County.

Schroeder Law Offices, P.C., and Therese A. Ure and Laura A. Schroeder, Reno, for Respondents Kenneth F. Benson; Diamond Cattle Company, LLC; and Michel and Margaret Ann Etcheverry Family, LP.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, CHERRY, C.J.:

We previously determined in *Eureka County v. State Engineer* (*Eureka I*), 131 Nev., Adv. Op. 84, 359 P.3d 1114 (2015), that the State Engineer failed to rely upon substantial evidence in finding that Kobeh Valley Ranch, LLC (KVR) would be able to mitigate conflicts to prior water rights when approving KVR's applications to appropriate water. Specifically, we concluded that the State Engineer's "decisions must be supported by substantial evidence in the record before him," and that for these permits that "[was] not the case." *Eureka I*, 131 Nev., Adv. Op. 84, 359 P.3d at 1120. As a result, we reversed the district court's previous order denying judicial review and remanded to the district court for further proceedings.

On remand, the district court granted the previously denied petition for judicial review and vacated KVR's permits. KVR and the State Engineer contend that the district court violated our mandate by not further remanding to the State Engineer for additional fact-finding.

We conclude that the district court properly granted the petition for judicial review and properly vacated KVR's permits. The district court's actions were proper because (1) we did not direct the district court to remand to the State Engineer, and (2) KVR is not entitled to a second bite at the apple after previously failing to present sufficient evidence of mitigation.

## FACTS AND PROCEDURAL HISTORY

Appellant KVR filed numerous applications to amend water usage in the Kobeh Valley. Respondents Eureka County and several existing holders of water rights protested the applications. The State Engineer granted KVR's applications in Ruling Number 6127. In R6127, the State Engineer recognized that the ruling *would* impact some senior water rights but that KVR *might be able to* mitigate the impact. Even though the State Engineer had already approved the applications, R6127 required KVR to prepare a monitoring, management, and mitigation plan (3M Plan) before diverting any water.

Respondents petitioned the district court to review R6127. The district court denied the petition for judicial review, finding that substantial evidence supported R6127. While review of R6127 was pending in the district court, KVR submitted its 3M Plan and the State Engineer approved it. The district court denied a petition for judicial review of the 3M Plan.

Respondents appealed the district court's decision claiming, *inter alia*, that the State Engineer was required to deny applications for permits that would conflict with prior water rights under NRS 533.370(2). We acknowledged our concern that the State Engineer may have exceeded his authority by considering mitigation at all, but we did not reach that

SUPREME COURT
OF
NEVADA

(O) 1947A

issue. Instead, we concluded that even if the State Engineer had the authority to consider mitigation, he failed to rely upon substantial evidence that KVR would be able to actually mitigate the conflicts. As a result, we reversed and remanded the case "to the district court for proceedings consistent with [the] opinion."[1] *Eureka I*, 131 Nev., Adv. Op. 84, 359 P.3d at 1121.

Shortly after the remittitur issued following *Eureka I*, KVR submitted proposed orders to the district court to remand the case to the State Engineer for additional fact-finding. Respondents filed a joint objection to the proposed orders, in which they argued that *Eureka I* required the district court to vacate KVR's permits outright, rather than remand to the State Engineer.

The district court ruled in favor of respondents, sustaining their joint objection to KVR's proposed orders, granting their petition for judicial review, and vacating KVR's permits. Specifically, the district court interpreted *Eureka I* as a mandate to vacate KVR's permits without remanding for further fact-finding.

## DISCUSSION

KVR and the State Engineer argue that the district court exceeded its authority and violated our instructions by vacating the permits rather than remanding the case to the State Engineer for further fact-finding. We disagree.

---

[1]A more detailed recital of the facts up to and including our prior opinion can be found in *Eureka I*, 131 Nev., Adv. Op. 84, 359 P.3d at 1116-21.

Whether the district court has complied with our mandate on remand is a question of law that we review de novo. *Wheeler Springs Plaza, LLC v. Beemon*, 119 Nev. 260, 263, 71 P.3d 1258, 1260 (2003). "[W]here an appellate court deciding an appeal states a principal or rule of law, necessary to the decision, the principal or rule becomes the law of the case and must be adhered to throughout its subsequent progress both in the lower court and upon subsequent appeal." *LoBue v. State ex rel. Dep't of Highways*, 92 Nev. 529, 532, 554 P.2d 258, 260 (1976). When an appellate court remands a case, the district court "must proceed in accordance with the mandate and the law of the case as established on appeal." *E.E.O.C. v. Kronos Inc.*, 694 F.3d 351, 361 (3d Cir. 2012) (internal quotation marks omitted). The district court commits error if its subsequent order contradicts the appellate court's directions. *Stacy*, 825 F.3d at 568.

In *Eureka I*, we determined that the State Engineer's determination that KVR could mitigate any conflicts to preexisting water rights was not based upon substantial evidence and could not stand. 131 Nev., Adv. Op. 84, 359 P.3d at 1121. At no point did we direct the district court to remand to the State Engineer for additional fact-finding. Because (1) the State Engineer relied on insufficient facts before granting KVR's applications, (2) we gave no order to remand to the State Engineer, and (3) KVR is not entitled to a do-over after failing to provide substantial mitigation evidence, we conclude that the district court acted consistently with *Eureka I*.

## CONCLUSION

Because the district court acted consistently with our instructions set forth in *Eureka I*, we affirm the district court's order.[2]

_____ , C.J.
Cherry

We concur:

_____ , J.
Douglas

_____ , J.
Gibbons

_____ , J.
Parraguirre

_____ , J.
Stiglich

---

[2]We have considered the State Engineer's and KVR's other theories of error and conclude that they are without merit.

PICKERING, J., with whom HARDESTY, J., agrees, concurring:

Eureka I did not mandate that the district court grant the petitions for judicial review. It reversed and remanded the district court's order denying judicial review for further proceedings consistent with the court's opinion. An open-ended reversal and remand such as this permits further proceedings on motion in district court. The law of the case doctrine applies "to issues previously determined, not to matters left open by the appellate court." Wheeler Springs Plaza, LLC v. Beemon, 119 Nev. 260, 266, 71 P.3d 1258, 1262 (2003); compare Recontrust Co. v. Zhang, 130 Nev. 1, 8, 317 P.3d 814, 818 (2014) (for a prior appellate disposition to establish law of the case that is binding on the district court "the appellate court must actually address and decide the issue explicitly or by necessary implication") (quoting Dictor v. Creative Mgmt. Servs., LLC, 126 Nev. 41, 44, 223 P.3d 332, 334 (2010)), with Biggins v. Hazen Paper Co., 111 F.3d 205, 209 (1st Cir. 1997) ("Broadly speaking, [appellate] mandates require respect for what the higher court decided, not for what it did not decide.").

The record and briefs in Eureka I did not afford a basis for this court to resolve whether, as an equitable matter, KVR should be allowed to reopen the proceedings before the State Engineer to present additional evidence. See Great Basin Water Network v. State Eng'r, 126 Nev. 187, 199, 234 P.3d 912, 919 (2010) ("We have previously recognized the district court's power to grant equitable relief when water rights are at issue.") (collecting cases); cf. Standard Oil Co. v. United States, 429 U.S. 17, 18-19 (1976) (holding that the mandate branch of the law of the case doctrine does not preclude a trial court from entertaining a Rule 60(b) motion that, if granted, would disturb the judgment entered in accordance with the appellate mandate). Further, neither the record and briefs nor this court's

opinion in *Eureka I* ruled out the possibility of a mixed result, by which, for example, the applications and permits pertaining to Diamond Valley could be sustained but not others. These and other potential issues were left open to the parties and the district court—and not precluded by—the doctrine of law of the case and our decision in *Eureka I*.

Although not required by the law of the case doctrine or *Eureka I*, I nonetheless concur in the result. Under *Great Basin*, this court, equally with the district court, "has the power to grant equitable relief in water law cases." 126 Nev. at 199, 234 P.3d at 920. After examining the arguments of the parties and applicable law, I am not convinced equitable relief is warranted or that the arguments presented to the district court establish a basis for reversing its decision to grant the petitions for judicial review. I therefore concur, but only in the result.

_____, J.
Pickering

I concur:

_____, J.
Hardesty