# IN THE SUPREME COURT OF THE STATE OF NEVADA

PERFORMANCE STEEL, INC., A
NEVADA CORPORATION,
Appellant,
vs.
WALLNER TOOLING/EXPAC, INC., A
CALIFORNIA CORPORATION,
Respondent.

No. 79569

PERFORMANCE STEEL, INC., A
NEVADA CORPORATION,
Appellant,
vs.
WALLNER TOOLING/EXPAC, INC., A
CALIFORNIA CORPORATION,
Respondent.

No. 79993

FILED

JUN 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER REVERSING, VACATING, AND REMANDING*

These are consolidated appeals from a second amended judgment dismissing appellant's breach of contract claim and district court order awarding respondent attorney fees and costs. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

For eight years, appellant Performance Steel, Inc. (PSI) and respondent Wallner Tooling/Expac, Inc. (WTE) have litigated the scope and alleged breach of a three-year requirements contract for the purchase and sale of galvanized steel (the original contract). Under the original contract, PSI agreed to supply 100 percent of WTE's galvanized steel requirements for its Georgia facility, and WTE promised to exclusively purchase its Georgia galvanized steel from PSI (with some limited exceptions) during the contract's tenure—June 1, 2008 to May 31, 2011. The original contract's key terms included quarterly pricing parameters tied to the American Metal Market index, a California choice-of-law provision, and an attorney fees

provision awarding fees and expenses to the prevailing party in a potential dispute.

In November 2010, WTE requested a discount on its fourth-quarter steel order. After negotiations, PSI emailed WTE an offer consisting of three bullet points (the email): (1) a discount on WTE's fourth-quarter steel under the original contract, (2) a discount on WTE's 2011 first-quarter and succeeding steel deliveries (collectively, the discounts),[1] and (3) a term that PSI and WTE "would agree to continue [their] buy-sell relationship in the future." WTE responded that it wanted to move forward with these terms pending discussion of further details. But disagreements arose when WTE ceased purchasing steel exclusively from PSI after the original contract's expiration, and the parties disputed whether the email's terms extended the original contract beyond its termination date (creating an extended contract). PSI sued alleging four claims for relief: count one—breach of the extended contract; count two—breach of the original contract; count three—promissory estoppel; and/or, count four—unjust enrichment.[2]

Under count one, PSI alleged that it suffered over $1.5 million in damages when WTE purportedly breached the extended contract by purchasing steel directly from PSI's supplier after the original contract's expiration. Alternatively, under counts two and four, PSI alleged that if

---

[1]WTE purchased its 2011 first-quarter steel from PSI at a discount and fulfillment of this order extended beyond the original contract's termination date of May 31, 2011.

[2]PSI abandoned its promissory estoppel claim (count three) at trial and does not address this claim on appeal, so it is waived. *Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (holding that an issue not raised and argued in the appellant's opening brief is deemed waived).

WTE's response to the email did not create an extended contract, then in turn, it did not constitute an agreement to the discounts. Accordingly, PSI sought the difference between the prices set under the original contract and the discounts, both during the original contract's term (count two) and after the original contract expired (count four).

During the bench trial, the district court asked PSI to "elect" between its remedies. The court and the parties engaged in an extensive dialogue concerning the structure of PSI's remedies moving forward. PSI initially decided to move forward with counts one and four and to dismiss counts two and three. But, despite this statement and the apparent dismissal of count two, the district court and the parties agreed that PSI reserved its right to recover the difference between the prices set by the original contract and the discounts:

> THE COURT: . . . [PSI is] proceeding on the theory that there is a contract that expired on May 31st, 2011, which they believe there is an extension, which is a factual finding. And if I [the court] make a determination that there was not an extension, that they then would like the contract price under the contract through the term of the contract and have unjust enrichment damages after the expiration of the contract.

PSI moved to amend its complaint at trial to conform to this summary and the testimony underlying it, but the district court denied the motion stating that it was not necessary:

> [PSI]: . . . [W]e would ask the pleadings be conformed to the testimony.
>
> THE COURT: How?
>
> . . . .
>
> [PSI]: . . . [T]here's been testimony about providing steel in that January time frame that

probably isn't as articulated as clearly in the complaint as was by the witnesses here and the opening and closing. And to the extent that there is any issue as that was pled or not in the complaint that would be what we want to conform to.

. . . .

THE COURT: . . . What[ ] he's just asked me is . . . Judge, we really meant January was part of it, I think I understand January is part of the breach of contract claim to the extent there may not be an extension and meeting of minds. I understand that. But I don't think you need to modify your pleadings for that.

Do you think they need to modify their pleadings?

[WTE]: No.

. . . .

THE COURT: Nobody seems to think you need to modify your pleadings for that.

[PSI]: That's okay.

The district court ultimately found that the parties did not agree to the extended contract, and therefore did not agree to the discounts either. So, the court awarded PSI the difference between the original contract and discount prices—$167,242.55 in contract damages under count one and $38,742.35 for unjust enrichment under count four. Wallner appealed.

On appeal, the court of appeals held that the district court erred by awarding PSI contract damages under count one, because as written count one concerned only the extension contract and the district court found that an extended contract never legally existed, a finding that the court of appeals affirmed. *Wallner Tooling/Expac, Inc. v. Performance Steel, Inc.*, Docket No. 73644, at *4 (Order of Reversal and Remand, Aug. 28, 2018). The court of appeals further held that PSI's voluntary dismissal of count

two constituted abandonment of its rights under the original contract. *Id.* at *3. The court of appeals vacated PSI's award of contract damages under count one and remanded the matter to the district court for further proceedings. *Id.* at *4-5.

On remand, PSI again moved to amend its complaint to incorporate its claim alleging breach of the original contract (that is, count two) into count one. While the district court noted that it also understood PSI's trial election to include incorporating its claim alleging breach of the original contract under count one, the court concluded that it was "forced to vacate" the contract damages award under the court of appeals' mandate. Accordingly, the district court entered its first amended judgment vacating the award, dismissing WTE's counterclaims, and affirming PSI's unjust enrichment award. Soon after, applying California law pursuant to the choice-of-law clause in the original contract, Cal. Civ. Code § 1717, the district court granted WTE $932,000 in attorney fees and costs as the prevailing party on the only remaining contract claim—count one—which PSI timely appealed. Six months after the district court entered its first amended judgment, PSI moved to amend arguing that it was not final because the district court only vacated count one and did not dispose of the claim. The district court entered its second amended judgment dismissing count one with prejudice, and PSI timely appealed that judgment as well.

I.

As a threshold matter, WTE argues that PSI's second appeal is untimely because PSI did not file its notice of appeal until after entry of the second amended judgment, which occurred more than 30 days after the entry of the first. A party must file its notice of appeal within "30 days after the date that written notice of entry of the judgment . . . appealed from is

served." NRAP 4(a)(1). This requirement is jurisdictional, and this court will not hear an untimely appeal. *Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983). But a judgment must be final to be appealable. NRAP 3A(b)(1); *see also SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 612, 173 P.3d 715, 718 (2007) (holding that district courts retain jurisdiction until final judgment is entered). "[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000).

Here, both the court of appeals' order and the district court's first amended judgment vacated PSI's damages award under count one without otherwise resolving the claim. While vacating a prior judgment deprives it of force or other effect, it only places the parties in the positions that they occupied before judgment was entered. *Nielson v. Patterson*, 65 P.3d 911, 914 (Ariz. 2003) (holding that a vacated judgment lacks force and effect and could not be appealed); 5 Am. Jur. 2d *Appellate Review* § 731 (2018) (stating that "[a] vacated judgment is of no force or effect, and parties to a vacated judgment return to the same positions they held prior to the appealed judgment being rendered"). The district court's first amended judgment was therefore not a final and appealable judgment because it left the parties lingering in adverse positions, even if the parties treated the judgment as final by moving for post-judgment attorney fees and costs. *Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (holding that the finality of a judgment depends on the order's effect and not its title). The second amended judgment cured this defect by dismissing count one with prejudice. PSI filed its notice of appeal within 30

days of entry of the second amended judgment (i.e., the final judgment in this case), rendering its appeal timely.

## II.

Finding PSI's second appeal timely, we address its first issue—whether the district court erred by denying its motion to amend its complaint on remand. Nevada law governs this procedural issue, despite the original contract's California choice-of-law provision.[3] *See Progressive Gulf Ins. Co. v. Faehnrich*, 130 Nev. 167, 171, 327 P.3d 1061, 1063 (2014) (holding that Nevada follows the Restatement (Second) of Conflict of Laws to determine choice-of-law questions involving contracts); Restatement (Second) of Conflict of Laws § 122 (Am. Law Inst. 1971) ("A court usually applies its own local law rules prescribing how litigation shall be conducted . . . ."); *cf.* NRCP 15. And under Nevada law, this court typically reviews a district court's denial of a motion to amend on remand for an abuse of discretion. *See State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 988, 103 P.3d 8, 19 (2004); *see also Emich Motors Corp. v. Gen. Motors Corp.*, 229 F.2d 714, 717 (7th Cir. 1956) (applying an abuse of discretion standard to the district court's grant of a motion to amend on remand). But here, the district court denied PSI's post-remand motion to amend based on its interpretation of the court of appeals' mandate, a question of law to which de novo review applies. *See Snow-Erlin v. United States*, 470 F.3d

---

[3]On remand, WTE argued that PSI dismissed count two, and its substance, "with prejudice under California law." But WTE does not argue that California law applies on appeal, so to the extent that WTE contests application of Nevada law to this procedural issue, it has waived this argument. *Polk v. State*, 126 Nev. 180, 184-85, 233 P.3d 357, 359-60 (2010) (noting that this court may deem a failure to respond to be a concession).

804, 807 (9th Cir. 2006) ("We review de novo a district court's compliance with our mandate.").

PSI argues that the district court should have granted its post-remand motion to amend because the court of appeals did not preclude amendment or reverse the district court's finding in its favor under the original contract and the district court had already deemed its amendment unnecessary during the trial. WTE counters that the court of appeals' order precluded PSI's post-remand amendment under the law-of-the-case doctrine. Under Nevada's law-of-the-case doctrine, the law of the first appeal governs all subsequent proceedings in the case. *Clem v. State*, 119 Nev. 615, 620, 81 P.3d 521, 525 (2003). But this doctrine only applies to issues that the appellate court considered and resolved; subsequent courts are free to resolve issues that the appellate court did not decide explicitly or by necessary implication. *Dictor v. Creative Mgmt. Servs., LLC*, 126 Nev. 41, 44-45, 223 P.3d 332, 334 (2010); *Wheeler Springs Plaza, LLC v. Beemon*, 119 Nev. 260, 266, 71 P.3d 1258, 1262 (2003); 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478.3 (2d ed. 2019) ("[T]he appellate mandate commonly leaves the trial court free to decide matters that were not resolved on appeal.").

Here, following remand, the district court expressed that it believed contract damages under the original contract were recoverable but that the court of appeals order prevented PSI's post-remand amendment:

> Given the ruling from the appellate court, the Court is forced to vacate the $167,242.55 award under the breach of contract claim despite my reading, which differs significantly from the court of appeals'[ ] based upon the repeating and realleging. It is inappropriate for me to grant an amendment at this time.

But the district court's interpretation of the court of appeals' mandate goes too far. *See Recontrust Co., N.A. v. Zhang*, 130 Nev. 1, 7-8, 317 P.3d 814, 818 (2014) (holding that the law-of-the-case doctrine did not preclude the district court from acting on remand because the prior appeal did not resolve the contested issue). The court of appeals only held that the district court could not award PSI damages under count one—which the court understood as limitedly raising a theory of breach of the extended contract—because the district court held that an extended contract did not exist. The court of appeals did not hold, either expressly or implicitly, that the district court could not award damages based on a theory of breach of the original contract as to the discounted steel prices. Nor did the court of appeals limit PSI's ability to amend count one on remand to conform its pleadings to the structure of its agreed-upon remedies. Indeed, in WTE's first appeal, PSI argued that the district court erred by denying its motion to so amend at trial, and the court of appeals did not address or resolve this issue in its order.[4] Instead, while the court of appeals concluded by reversing and remanding, in its order it vacated PSI's damages award and remanded the matter to the district court for further proceedings, thus leaving PSI's ability to amend unencumbered and this issue open for the district court's resolution. *Dictor*, 126 Nev. at 44-45, 223 P.3d at 334 (holding that the district court may resolve matters not addressed or resolved by the appellate court).

## III.

To the extent that the court of appeals intended to prohibit PSI's amendment of count one to plead breach of the original contract, its

---

[4]As WTE noted on remand, the court of appeals entirely "ignored" this issue.

finding that PSI "voluntarily abandoned" its claim for breach of contract was clearly erroneous and therefore would likewise fail to control as the law of the case. *Wallner*, Docket No. 73644, at *3; *see also Arizona v. California*, 460 U.S. 605, 618 n.8 (1983) (holding that the law-of-the-case doctrine does not apply if the prior decision "is clearly erroneous"); *Hsu v. Cty. of Clark*, 123 Nev. 625, 630, 173 P.3d 724, 728-29 (2007) (quoting *Arizona*, 460 U.S. at 618 n.8). Under this exception, a prior ruling is clearly erroneous if it is not plausible in context. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1370-71 (11th Cir. 2003) (holding that "when the legal error is beyond the scope of reasonable debate" the court should "disregard the prior ruling"); *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *Merritt v. Mackey*, 932 F.2d 1317, 1321 (9th Cir. 1991).

First, the court of appeals' conclusion is belied by the record: the record shows that the district court and the parties agreed that PSI reserved its rights to recover the difference between the full and discounted prices under the original contract at trial, despite the dismissal of count two. Second, even assuming the pleadings as amended during trial did not support recovery under count two, the district court acted within its discretion under the Nevada Rules of Civil Procedure to award PSI the relief that it deemed appropriate.[5] NRCP 15(b) (2005) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . . [F]ailure so to amend does not affect the result of the trial of these issues."); NRCP 54(c) (2005) ("[E]very final judgment shall grant the

---

[5]The district court entered its original findings of fact and conclusions of law in 2017, so the pre-2019 version of the Nevada Rules of Civil Procedure applies.

relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."). Thus, the court of appeals could not plausibly have concluded, in this context, that the district court could not award PSI damages under the original contract because the claim was no longer technically alleged in the pleadings. *See* NRCP 15(b); NRCP 54(c).

For these reasons, the court of appeals' mandate did not preclude PSI's amendment on remand as the law of the case, and the district court erred by concluding otherwise. A party may amend its complaint on remand following an appeal, and such leave should be freely given unless it would cause serious prejudice to the opposing party. *See* NRCP 15(b)(2); *City of Columbia v. Paul N. Howard Co.*, 707 F.2d 338, 341 (8th Cir. 1983); 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1494 (3d ed. 2010) ("[Rule 15] permits the motion to be made throughout the entire period during which the action is in the district court, including . . . on remand following an appeal."). And here, amendment will not prejudice WTE because it was aware of, and agreed to, PSI's structured remedies at trial, which preserved its fallback rights under the original contract to full price for the discounted deliveries should its extended contract claim fail. Accordingly, we reverse and remand this matter to the district court, with directions to allow PSI to amend its complaint in conformation with the trial testimony.[6] And because we

---

[6]PSI also argues that the district court erred by "forcing" it to elect its remedies ahead of factual findings at trial. We need not reach this argument because we hold that the district court had discretion to grant PSI's motion to amend on remand and preserve its rights under the original contract. *Cf. J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 120

conclude that PSI may amend its pleadings on remand to seek damages for breach of the original contract under count one, we also vacate the district court's award of attorney fees and costs to WTE and remand for the court to determine the prevailing party on the contract. 7 B.E. Witkin, *California Procedure* § 197 (5th ed. supp., March 2020 update) (noting that the district court has wide discretion to determine the prevailing party on a contract under Cal. Civ. Code § 1717). Accordingly, we

ORDER the judgment of the district court REVERSED, VACATE the district court's award of attorney fees and costs, AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Elizabeth Goff Gonzalez, District Judge
   Paul M. Haire, Settlement Judge
   Pisanelli Bice, PLLC
   The Quinlan Law Firm, LLC/Chicago
   Brownstein Hyatt Farber Schreck, LLP/Las Vegas
   Peterson Baker, PLLC
   Eighth District Court Clerk

_____

Nev. 277, 288-89, 89 P.3d 1009, 1017 (2004) (holding that the district court erred by forcing election between contract and quantum meruit claims before jury verdict).